UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br>GGW BRANDS, LLC et al.<br><br>Debtor. | Case No. 2:13-cv-01586-APG-NJK<br><br>**ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL** |
| GGW GLOBAL BRANDS, INC., as successor in interest to PEPE BUS, LLC,<br><br>Appellant,<br><br>v.<br><br>WYNN LAS VEGAS LLC, d/b/a WYNN LAS VEGAS; GGW DIRECT, LLC; GGW BRANDS, LLC; GGW EVENTS, LLC,<br><br>Appellees. | |

Pending before the Court are three emergency motions: (1) a motion by GGW Global Brands, Inc. ("GGW Global") to stay the bankruptcy court order[1] (the "Bankruptcy Order") pending this appeal (Dkt. No. 6); (2) a motion by GGW Global for an expedited hearing on the motion for stay pending appeal (Dkt. No. 7); and (3) a motion by Wynn Las Vegas LLP ("Wynn") to vacate this Court's prior order that stayed the bankruptcy court order through September 5, 2013 (Dkt. No. 8). As set forth below, the Court denies all three motions.

---

[1] Case No. 13-01050-MKN, Dkt. No. 50, August 29, 2013.

To determine whether to issue a stay pending appeal, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Humane Society of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (internal quotation marks and citation omitted). "[T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

GGW Global has not made a strong showing that it is likely to succeed on the merits.[2] GGW Global has not demonstrated an irreparable injury with regard to the funds to be paid to Wynn. There may be some risk of irreparable harm concerning the $800,000 that is to be delivered to the bankruptcy trustee because it would be difficult to claw back those funds if GGW Global were to prevail on appeal. However, that risk is outweighed by the weak showing of likelihood of success on the merits. The third factor weighs in favor of Appellees because the Settlement Agreement is at risk of falling apart if it is not consummated in a timely manner. Finally, the fourth factor is neutral on these facts. GGW Global has not met its burden for a stay pending appeal.

In addition, the 14-day automatic stay of Fed. R. Civ. P. 62(a) -- made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7062 -- does not seem to apply because the Bankruptcy Order is not a "judgment" as defined by Fed. Rule Civ. P. 54(a). CHARLES ALAN WRIGHT ET AL., 11 FEDERAL PRACTICE AND PROCEDURE § 2902 (3d ed. 2013) ("This automatic 14-day stay applies only to judgments as defined in Rule 54(a)."). Likewise, Fed. R. Civ. P. 62(d) appears inapplicable in the absence of a "judgment."

---

[2] In addition, on initial review, it appears that the Bankruptcy Order may not be a final, appealable judgment under Fed. R. Civ. P. 54(b) -- made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7054 -- because the bankruptcy court did not "expressly determine[] that there [was] no just reason for delay."

As to Wynn's motion to vacate the Court's prior order, the Court acted with good cause and within its discretion when it stayed the Bankruptcy Order for three business days (through September 5, 2013).

Accordingly, the Court hereby **ORDERS:**

1. GGW Global's motion for stay pending appeal (Dkt. No. 6) is **DENIED.**

2. GGW Global's motion for a hearing (Dkt. No. 7) is **DENIED.**

3. Wynn's motion to vacate the Court's prior order (Dkt. No. 8) is **DENIED.**

**IT IS SO ORDERED** this 4th day of September, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE