Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
Laura F. Bielinski, Esq., Nevada Bar No. 10516
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone:   (702) 382-2101
Facsimile (702) 383-8135

        and

Malhar S. Pagay, Esq. (CA Bar No. 189289) (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
mpagay@pszjlaw.com
Telephone:     (310) 277-6910
Facsimile:     (310) 201-0760

Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company,<br><br>               Plaintiff,<br><br>    vs.<br><br>GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON,<br><br>              Defendants. | Case No.: 2:13-cv-01586-APG-(NJK)<br><br>NV Adversary Case No.: 13-01050-MMN<br>Chapter 11<br><br>**MOTION TO DISMISS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Separate Request for Judicial Notice and Declaration of Malhar S. Pagay filed concurrently herewith]** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**NOTICE OF MOTION**

Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") hereby moves (the "Motion") to dismiss the above-captioned appeal, on the grounds that (1) the appeal is of an interlocutory order for which there are no grounds for leave to appeal; (2) the appeal constitutes a further collateral attack upon the prior rulings of the Bankruptcy Court for the Central District of California; (3) due to events that have occurred since the order on appeal was entered, the appeal has become moot; and (4) GGW Global Brands is not a named Defendant in the underlying litigation and has not sought or been granted permission to intervene therein, and thus is not a proper party to this appeal.

This Motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, the Request for Judicial Notice, and the Declaration of Malhar S. Pagay filed separately.

Pursuant to Rule 7-2(b) of the Local Rules of Practice for the United States District Court District of Nevada, unless otherwise ordered by the Court, any points and authorities in response to the Motion shall be filed and served by the opposing party no later than fourteen (14) days after service of the Motion.

Dated: October 1, 2013       BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:    */s/ Mitchell J. Langberg*
       Mitchell J. Langberg

And

Dated: October 1, 2013       PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Malhar S. Pagay*
       Malhar S. Pagay

Attorneys for Wynn Las Vegas, LLC, d/b/a
Wynn Las Vegas

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**Introduction**

This appeal concerns an interlocutory order of the Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Court"), which implements certain mechanical elements of a settlement agreement (the "Settlement Agreement") by and among the chapter 11 trustee of Defendants GGW Direct, LLC, GGW Brands, LLC, and GGW Events, LLC, debtor-in-possession GGW Marketing, LLC (collectively, the "Debtors"), and Wynn Las Vegas. The Settlement Agreement results in partial satisfaction of approximately $30 million of judgments obtained by Wynn Las Vegas against the founder of the "Girls Gone Wild" adult entertainment franchise, Joseph Francis ("Francis"). The Settlement Agreement was approved by an order of the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") presiding over the Debtors' bankruptcy cases after notice to interested parties and a hearing, based upon extensive findings of fact and conclusions of law.

A "puppet" entity of Francis, GGW Global Brands, Inc. ("GGW Global Brands") opposed the Trustee's motion to approve the Settlement Agreement in the California Bankruptcy Court on the grounds that GGW Global Brands allegedly had been assigned an ownership interest by another Francis entity, Pepe Bus, LLC ("Pepe Bus") in certain funds (referred to as the "Trust Funds") to be distributed under the Settlement Agreement. The California Bankruptcy Court determined that the evidence on the record did not substantiate GGW Global Brands' claims. Instead of appealing the California Bankruptcy Court's order, GGW Global Brands attempted to collaterally attack it by seeking to re-litigate its ownership interest in the Nevada Bankruptcy Court. The Nevada Bankruptcy Court rejected GGW Global Brands' arguments and approved the terms of a stipulation contemplated in and annexed to the Settlement Agreement (the "Stipulation"), pursuant to which the Trust Funds now have been disbursed to the Trustee and Wynn Las Vegas and the Settlement Agreement otherwise has been fully consummated.

No grounds exist to justify the extraordinary remedy of granting leave to appeal the Nevada Bankruptcy Court's order to this Court. The Settlement Agreement already has been performed and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

reversing the Nevada Bankruptcy Court's order would have no practical salutary effect on the rights of the parties and the remaining litigation.  Accordingly, GGW Global Brands' appeal of the Nevada Bankruptcy Court's order should be dismissed.

## II.

## Statement of Facts

On June 18, 2009, Wynn Las Vegas obtained a judgment against Francis in the District Court of Clark County, Nevada, arising from unpaid gambling debts (the "Nevada Marker Judgment").[1] The court awarded Wynn Las Vegas $2 million plus prejudgment interest of $838,356.00 and postjudgment interest accruing at the rate of $986.30 per day.

### A.     The Alter Ego Litigation

On April 18, 2012, Wynn Las Vegas commenced an action in the District Court for Clark County, Nevada, against GGW Direct, LLC, GGW Events, LLC, GGW Brands, LLC, Mantra Films, Inc., Blue Horse Trading, LLC, Pepe Bus, Sands Media, Inc., Joseph R. Francis, David R. Houston, and David R. Houston, Ltd. (the "Alter Ego Litigation"), in which Wynn Las Vegas alleges, among other things, that:

> . . . . Wynn has been largely unable to collect on its Judgment against Francis because Francis is using the GGW Entities to hide his assets and income.

> . . . . Specifically, Francis uses the GGW Entities' funds to pay his personal expenses in order to prevent Wynn from collecting its Judgment.

> . . . . Francis is the chief financial officer of some or all of the GGW Entities.

> . . . . Francis exercises complete dominion and control over the GGW Entities.

> . . . .  The GGW Entities are influenced and governed by Francis, and Francis acts as the ultimate authority for their business and financial transactions.

> . . . . Francis commingles his personal funds with the funds of the GGW Entities and makes unauthorized diversions of funds from the GGW Entities for his personal use.

---

[1] A true and correct copy of the Nevada Marker Judgment is attached to the Request for Judicial Notice ("RFJN"), as **Exhibit A**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

. . . . That is, Francis causes the GGW Entities to pay some or all of his personal expenses from the GGW Entities' accounts.

. . . . Upon information and belief, the GGW Entities fail to comply with corporate formalities required by law.[2]

**B.    The Trust Funds**

In the Alter Ego Litigation, Wynn Las Vegas asserts an interest in certain funds alleged to be owned by **GGW Direct**, including $1,846,578.28 being held in an IOLTA trust account (the "Trust Funds") by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively "Houston"). In order to maintain the status quo and to prevent dissipation of the Trust Funds pending the resolution of the parties' rights therein, the parties entered into the *Stipulation and Proposed Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, filed June 29, 2012 (the "Houston Stipulation"), which stipulation was approved by the Clark County Court pursuant to that certain *Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, dated July 12, 2012 and entered July 16, 2012 (the "Houston Order").[3]  In the Houston Stipulation, each of the parties to the Alter Ego Litigation stipulated that the "right to possession of the Trust Funds is an issue to be determined by this court in this action…."  Houston Stipulation ¶ 1.  The Houston Stipulation also provides, "Houston has no beneficial interest in the Trust Funds or its proceeds.  Houston … will comply with such order or judgments served upon Houston, whether or not Houston has been dismissed as a party." *Id.* ¶ 2; *see also* Houston Order ¶ 2.

On August 17, 2012, the court issued a Preliminary Injunction in the Alter Ego Litigation (the "Alter Ego Injunction") barring the defendants from transferring the Trust Funds because "in the absence of such relief, one or more of the defendants is likely to transfer **GGW Direct's** assets out of the State of Nevada."[4] (Emphasis added).  The court found that Wynn Las Vegas:

---

[2] Complaint, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District Court, Clark County, NV; Case No.:  A-12-660288-B) ¶¶ 19-26 at 3-4.  A true copy of the Complaint is attached to the RFJN as **Exhibit B**.

[3] RFJN, **Exs. C & D**.

[4] Preliminary Injunction, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District Court, Clark County, NV; Case No.:  A-12-660288-B) ¶ 1 at 1 (RFJN, **Ex. E**).

has a substantial likelihood of success on the merits of its claim for declaratory relief related to alter ego. . . and has presented evidence that:

(a)     Francis uses GGW Direct, LLC as a shield from liability by commingling his personal funds with those of GGW Direct;

(b)     Francis uses the funds of GGW Direct to pay his personal expenses;

(c)     Francis is abusing the business entity form to frustrate creditors. . . ;

(d)     As the person most knowledgeable of the day to day operations of GGW Direct and the sole signatory on checks issued by GGW Direct, Francis likely controls GGW Direct's operations;

(e)     There is such unity of interest between GGW Direct and Francis such that GGW Direct is the alter ego of Francis; and

(f)     In this instance, to recognize the business entity form would work an injustice on Francis' creditors, including Wynn [Las Vegas][5]

## C.     The California Bankruptcy Cases

On February 27, 2013, each of GGW Direct, GGW Events, GGW Brands and GGW Magazine, LLC ("GGW Magazine"), commenced voluntary chapter 11 cases in the California Bankruptcy Court.  On May 22, 2013, GGW Marketing, LLC ("GGW Marketing" and together with GGW Direct, GGW Events, GGW Brands and GGW Magazine, the "Debtors"), commenced a voluntary chapter 11 case in the California Bankruptcy Court.  The Debtors' chapter 11 cases (the "California Bankruptcy Cases") have been administratively consolidated.

On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee in the California Bankruptcy Cases of GGW Direct, GGW Events, GGW Brands, and GGW Magazine (the "Trustee Motion"), which was granted by orders entered on April 11, 2013, in each of the California Bankruptcy Cases.  The United States Trustee for the Central District of California appointed R. Todd Neilson as the Trustee for each of the Debtors other than GGW Marketing.  In the California Bankruptcy Cases, Wynn Las Vegas asserts various claims against the Debtors (the "Wynn Claims").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[5] *Id.* ¶ 2 at 2-3.

On March 26, 2013, the Debtors removed the Alter Ego Litigation to the Nevada Bankruptcy Court.

On April 1, 2013, the Debtors filed a motion to transfer venue of the Alter Ego Litigation (as amended, the "Venue Transfer Motion") from the Nevada Bankruptcy Court to the California Bankruptcy Court.

On April 10, 2013, Wynn Las Vegas filed its motion to remand the Alter Ego Litigation back to the Nevada State Court (the "Remand Motion").

A hearing to consider both the Venue Transfer Motion and the Remand Motion was scheduled to take place in the Nevada Bankruptcy Court on May 8, 2013.  Pursuant to a stipulation executed by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by the Nevada Bankruptcy Court on April 30, 2013, that hearing was continued to July 11, 2013, and then continued again to September 26, 2013.

**D.      The Settlement Agreement**

The Parties negotiated a consensual resolution of their disputes regarding the Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn Claims and the Trust Funds, on the terms and conditions of the Settlement Agreement, dated as of July 10, 2013.  On July 15, 2013, the Trustee filed a motion (the "Settlement Motion") with the California Bankruptcy Court seeking approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[6]  A copy of the Settlement Agreement is attached as Exhibit A to the Settlement Motion.

The Settlement Agreement resolved the Parties' disputes by allowing Wynn Las Vegas' Claims in the California Bankruptcy Cases, and subordinating them to certain other estate obligations, and providing for the following resolution with respect to the Trust Funds, the Venue Transfer Motions, and the Remand Motion:

    a.   Houston shall immediately pay the Trustee $800,000 of the Trust Funds.  Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas.  The payment of the balance of the Trust Funds to Wynn Las Vegas shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas

---

[6]  RFJN, **Ex. F**.

on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.

b. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, Wynn Las Vegas shall dismiss, without prejudice, Defendants GGW Brands, GGW Direct, and GGW Events from the Alter Ego Litigation, which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California Bankruptcy Cases or its claims against the other defendants in the Alter Ego Litigation.

c. Wynn Las Vegas will not attempt to add any of the Debtors as parties in the Alter Ego Litigation unless the California Bankruptcy Cases are dismissed.

d. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands and GGW Magazine, withdraws the Venue Transfer Motions.

e. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands, and GGW Magazine, consents to the relief sought in the Remand Motion.  Counsel for Wynn Las Vegas shall prepare and lodge an order granting the Remand Motion when payment to the Trustee and Wynn Las Vegas.

f. The hearings on the Remand Motion and the Venue Transfer Motions, currently scheduled to take place in the Nevada Bankruptcy Court on September 26, 2013, should be taken off calendar and adjourned.  All deadlines for opposition and reply papers associated therewith should be cancelled.

Pursuant to the Houston Stipulation and Houston Order, discussed above, the Trust Funds are subject to the jurisdiction of the Nevada Bankruptcy Court.  Accordingly, the Settlement Agreement was to be implemented through the entry of an administrative order of the Nevada Bankruptcy Court approving the Stipulation directing the disposition of the Trust Funds, as well as of the Remand Motion and Venue Transfer Motions, as set forth in the Settlement Agreement.  *See* Settlement Agreement, ¶ 4.G.  The forms of Stipulation and *Order Approving Stipulation Regarding Resolution of Removed Action*, both to be filed with the Nevada Bankruptcy Court, were attached to the Settlement Agreement.  *See* Settlement Agreement, Exs. B and A.

## E. GGW Global Brands' Efforts to Oppose Approval of the Settlement Agreement in the California Bankruptcy Court

GGW Global Brands filed a written opposition to the Settlement Motion in the California Bankruptcy Court[7] and appeared at the August 7 hearing through its counsel, as did two creditors. GGW Global Brands contended that the Settlement Agreement should not be approved on the

---

[7]  RFJN, **Ex. G**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

grounds that GGW Global Brands had an interest in the Trust Funds as assignee of another one of Francis' entities, Pepe Bus, and did not consent to the distribution of the Trust Funds pursuant to the Settlement Agreement.

The Settlement Agreement was approved by the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013.[8]  GGW Global Brands moved for a stay pending appeal of the order approving the Settlement Agreement, which motion was denied by the California Bankruptcy Court by order also entered on August 9, 2013.[9]  **GGW Global Brands did not appeal the orders approving the Settlement Agreement and denying the stay pending appeal**.[10]

**F.    Proceedings Before the Nevada Bankruptcy Court**[11]

As contemplated in the Settlement Agreement, in order to implement the court-approved settlement, on July 31, 2013, Wynn Las Vegas filed with the Nevada Bankruptcy Court that certain *Notice of Motion and Motion for Order Approving Stipulation Regarding Resolution of Removed Action; Memorandum of Points and Authorities in Support Thereof* (the "Motion to Approve Stipulation"),[12] seeking a ministerial order from the Nevada Bankruptcy Court to approve the stipulated disposition of the Trust Funds, Remand Motion and Venue Transfers Motions in accordance with the California Bankruptcy Court's order.

On August 14, 2013, GGW Global Brands filed the *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action*, alleging again, just as it did before the California Bankruptcy Court, that the Trust Funds belong to GGW Global Brands and opposing the proposed disposition of the Trust Funds.

On August 21, 2013, Wynn Las Vegas filed the *Reply Re: Motion for Order Approving Stipulation Regarding Resolution of Removed Action*, supporting *Declaration of Malhar Pagay*; and

---

[8]  RFJN, **Ex. H**.

[9]  RFJN, **Ex. I**.

[10]  Creditor Tamara Favazza filed a motion for leave to appeal the California Bankruptcy Court's order approving the Settlement Agreement.  However, Favazza's motion was denied by the District Court for the District of California in an order entered on August 27, 2013.  RFJN, **Ex. J**.

[11]  A copy of the record from the Nevada Bankruptcy Court proceedings is attached to the RFJN.

[12]  RFJN, **Ex. K**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Request for Judicial Notice* (collectively, the "Reply"), contending, among other things, that GGW Global Brands' opposition was an impermissible collateral attack on the California Bankruptcy Court's order approving the Settlement Agreement.[13]

On August 23, 2013, in response to the Reply, GGW Global Brands filed a sur-reply, styled as a "Supplemental Opposition" (the "Unauthorized Sur-Reply"). However, GGW Global Brands did not receive authorization from the Nevada Bankruptcy Court to file the Unauthorized Sur-Reply in response to Wynn Las Vegas's Reply. Wynn Las Vegas filed an objection and motion to strike the Sur-Reply, and addressed a number of factual misstatements made by GGW Global Brands therein, on August 27, 2013.[14] At the hearing conducted on August 28, 2013, the Nevada Bankruptcy Court sustained Wynn Las Vegas's objections and granted its motion to strike the Sur-Reply.

The Nevada Bankruptcy Court granted Wynn Las Vegas' motion at a hearing conducted on August 28, 2013, and by order entered August 29, 2013 (the "Nevada Bankruptcy Court Order").[15]

On September 3, 2013, GGW Global Brands filed a notice of appeal of the Nevada Bankruptcy Court Order.

## G.     District Court Proceedings

On August 30, 2013, GGW Global Brands filed the *Emergency Motion for Temporary Three Business Day Stay of Bankruptcy Court Order to Permit Briefing of More Permanent Stay; Declaration of Andre Lagomarsino* [Docket No. 1] (the "Stay Motion"), requesting a three-day stay of the Nevada Bankruptcy Court Order. On that same day, this Court entered its order (the "Stay Order"), staying the Nevada Bankruptcy Court Order through Thursday, September 5, 2013, "to permit [GGW Global Brands] time to submit a motion and brief for a more permanent stay for consideration by this Court."

On September 3, 2013, Wynn Las Vegas filed with this Court its *Emergency Motion to Vacate the Order Staying Bankruptcy Court Judgment for Three Business Days Pursuant to Fed. R.*

---

[13]  RFJN, **Ex. N**.
[14]  RFJN, **Ex. Q**.
[15]  RFJN, **Ex. R**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Civ. P. 59(e)* and supporting pleadings, seeking to vacate the Temporary Stay Order on the grounds that, *inter alia*, the California Bankruptcy Court already had heard and rejected, GGW Global Brands' stay arguments, that this Court lacked jurisdiction to enter the temporary stay prior to the filing of an appeal, and that the Nevada Bankruptcy Court Order is a non-appealable interlocutory order [Dkt. No. 8].

On September 3, 2013, GGW Global Brands filed with this Court its *Emergency Motion for Stay of Bankruptcy Court Final Order/Judgment Pending Appeal*, seeking a stay of the Nevada Bankruptcy Court Order for the duration of GGW Global Brands' appeal [Dkt. No. 6].

On September 4, 2013, this Court entered an Order denying GGW Global Brands' motion for a stay pending appeal and motion for an emergency hearing thereon, and Wynn Las Vegas' motion to vacate the Temporary Stay Order [Dkt. No. 18].

On September 5, 2013, GGW Global Brands filed its notice of appeal of the Court's order denying the stay [Dkt. No. 19].

**H.      The Ninth Circuit's Denial of Emergency Stay Pending Appeal**

On September 5, 2013, GGW Global Brands filed in the Court of Appeals an *Emergency Motion Under Circuit Rule 27-3 for Stay of Bankruptcy Court Order Pending Appeal of District Court Order Denying Stay or/Alternatively Emergency Petition Under Circuit Rule 27-3 for Writ of Mandamus to District Court to Order Stay of Bankruptcy Court Order Pending Appeal* (the "Stay/Writ of Mandamus Motion"), seeking an order staying the Nevada Bankruptcy Court Order pending appeal or, in the alternative, a writ of mandamus directing this Court to order a stay of the Nevada Bankruptcy Court Order.

On September 6, 2013, the Court of Appeals entered orders denying the Stay/Writ of Mandamus Motion on the grounds that GGW Global Brands has not demonstrated grounds for the requested relief.[16]

**I.      Consummation of the Settlement Agreement**

After this Court's three-day stay expired, the following actions have been taken pursuant to the Settlement Agreement and Stipulation:

---

[16]  RFJN, **Ex. V & W**.

- On September 6, 2013, Houston wired the Trust Funds to the Trustee and Wynn Las Vegas, which wires were received the same day.[17]

- On September 13, 2013, the Nevada Bankruptcy Court entered orders that (i) deemed the Venue Transfer Motions withdrawn; (ii) dismissed, without prejudice, defendants GGW Grands, LLC, GGW Direct, LLC and GGW Events, LLC from the Alter Ego Litigation; and (iii) granted the Remand Motion.[18]  **The period to appeal all three orders has expired and no notices of appeal have been filed.**

Accordingly, the Settlement Agreement and Stipulation now have been fully consummated.

## III.

### Argument

**A.**   **The Nevada Bankruptcy Court Order Is a Non-Appealable Interlocutory Order.**

Pursuant to section 158 of title 28 of the United States Code, district courts have jurisdiction to hear bankruptcy appeals as follows:

(1)    from final judgments, orders, and decrees;

(2)    from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3)    ***with leave of the court***, from other interlocutory orders and decrees.

28 U.S.C. § 158(a) (emphasis added).

**1.**   **The Nevada Bankruptcy Court Order Is Not Appealable As of Right.**

The Nevada Bankruptcy Court Order is not appealable as of right under § 158(a)(1) or (2). Subsection (2) of § 158(a) does not apply because the Nevada Bankruptcy Court Order was not issued under section 1121 of the Bankruptcy Code.  Moreover, subsection (1) of § 158(a) does not apply because the Nevada Bankruptcy Court Order is not a "final" judgment, order, or decree.

In general, to become final, a decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment.  *Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.)*, 979 F.2d 1358, 1362 (9th Cir. 1992) (citations omitted).  An interlocutory appeal, in contrast, is one which stems from a judgment, order, or decree which does not finally determine the cause of action.  *In re Eleccion*, 178 Bankr. 807, 808 (9th Cir. B.A.P. 1995).

---

[17]  *See* Declaration of Malhar S. Pagay ("Pagay Decl."), ¶ 3.

[18]  RFJN, **Exs. X, Y & Z.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Nevada Bankruptcy Court Order does not dispose of all of the claims and parties of which the Alter Ego Litigation is composed.  Rather, the Nevada Bankruptcy Court Order determines only the limited issues of the disposition of the Trust Funds, the Remand Motion, and Venue Transfer Motions, and results in the dismissal of certain, but not all, of the Defendants.[19] Thus, certain claims and parties that are not resolved by the Settlement Agreement still remain.

Federal Rules of Civil Procedure 54(b) ("Judgment on Multiple Claims or Involving Multiple Parties"), made applicable in adversary proceedings by Bankruptcy Rule 7054, provides in pertinent part:

> Where an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See* Fed. R. Civ. P. 54(b).

The Nevada Bankruptcy Court's Order does not contain an F.R.C.P. 54(b) certification. Accordingly, the Nevada Bankruptcy Court Order is an interlocutory, not a final, order.  *See, e.g.*, *Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.)*, 738 F.2d 1065, 1066 (9th Cir. 1984) (order dismissing one count of a multi-count adversary proceeding without an F.R.C.P. 54(b) certification is an interlocutory order); *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 856 (9th Cir. B.A.P. 2001) (order granting partial summary judgment without an F.R.C.P. 54(b) certification is an interlocutory order).

### 2.      There Are No Grounds for Leave to Appeal the Nevada Bankruptcy Court Order.

Rule 8003(c) of the Bankruptcy Rules provides that, with respect to an interlocutory appeal: "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district

---

[19] GGW Global Brands is not a defendant in the Alter Ego Litigation.  The Stipulation dismisses certain of the Debtors as defendants only.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

court or bankruptcy appellate panel may grant leave to appeal." Fed. R. Bankr. P. 8003(c).  The

Bankruptcy Rules do not set forth standards for determining whether leave to appeal an interlocutory

order should be granted.  Rather, courts look to 28 U.S.C. § 1292(b) to determine whether to hear an

appeal from an interlocutory order.  *In re Kashani*, 190 B.R. 875, 882 (9th Cir. B.A.P. 1995).  Under

§ 1292(b), an appeal may be heard if it "involves a controlling question of law as to which there is

substantial ground for difference of opinion and . . . an immediate appeal may materially advance the

ultimate termination of the litigation."  *In re Roderick Timber Co.*, 185 B.R. 601, 604 (9th Cir.

B.A.P. 1995).  Courts also consider whether denying leave will result in wasted litigation and

expense.  *Kashani*, 190 B.R. at 882.  None of these considerations pertain to the instant appeal.

The ultimate issue in the Alter Ego Litigation is Wynn Las Vegas' ability to collect the

Marker Judgment from the Defendants.  The Settlement Agreement eliminates certain of the

Defendants in exchange for payment of certain disputed assets.  However, neither the Settlement

Agreement nor the Nevada Bankruptcy Court Order decides any legal or factual issues as to any of

the remaining defendants.  Authorizing an appeal of the Nevada Bankruptcy Court Order would not

advance the litigation, but rather would prolong it.

Accordingly, grounds do not exist to authorize an appeal of the Nevada Bankruptcy Court

Order.

**B.**    **The Appeal Constitutes a Further Improper Collateral Attack on the California Bankruptcy Court's Order Approving the Settlement Agreement.**

In the California Bankruptcy Court, GGW Global Brands filed approximately 30 pages of

pleadings in opposition to the Settlement Motion.  In its opposition, Global Brands contended that

the Settlement Agreement should not be approved on the grounds that, *inter alia*, a defendant in the

Alter Ego Litigation, Pepe Bus, had assigned rights to the Trust Funds to Global Brands and that

such assertion "precludes th[e] court from approving the Settlement since the property of parties

other than those who will be signatories to the Settlement Agreement are being dealt with by the

proposed Settlement."[20]

---

[20] RFJN, **Ex. G-1**, 15:7-15.

On August 7, 2013, the California Bankruptcy Court issued a tentative ruling on the Settlement Motion noting that, while GGW Global Brands had not submitted any admissible evidence substantiating its allegation, the Trustee had submitted evidence that Pepe Bus was voluntarily terminated on March 12, 2012 – before the Alter Ego Litigation was commenced – and as a result it did not need to be served; that even if Pepe Bus should have been served, it was properly served through its manager, Francis; and that after Pepe Bus was voluntarily terminated it ceased to exist and could not enter into contracts such as an assignment of its right in the Trust Funds to Global Brands was impossible.[21]  Global Brands appeared through counsel at the August 7th hearing at which the California Bankruptcy Court considered the Settlement Motion, and was afforded an opportunity to respond to the Trustee's contentions and the California Bankruptcy Court's tentative ruling.[22]  At the hearing, Global Brands elected to rest on its papers.[23]  Moreover, Global Brands did not appeal the California Bankruptcy Court's order approving the Settlement Agreement.

Global Brands' efforts to indirectly attack the approved Settlement Agreement through the Stipulation is precisely the type of collateral attack that claim preclusion principles are intended to prevent.  A "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ."  *Montana v. United States*, 440 U.S. 147, 153 (1979).  Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana*, 440 U.S. at 153.  In the Ninth Circuit, res judicata or claim preclusion provides that a "final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action."  *Rein v. Providian Financial Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001) (citing *In re Baker*, 74 F.3d 906 (9th Cir. 1996)); *see also Allen v. McCurry*, 449 U.S. 90 (1980); *In re Kelley*, 199 B.R. 698, 702 (9th Cir. B.A.P. 1996).

---

[21] *Id.*, pp. 7 & 10.

[22] *See* Pagay Decl., **Ex. BB** (Transcript of California Bankruptcy Court Settlement Hearing), 1:17-19; 21:11.

[23] *Id.*, 21:12-21.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Res judicata is appropriate when: (i) the parties are identical or in privity; (ii) the judgment in the prior action was rendered by a court of competent jurisdiction; (iii) there was final judgment on the merits; and (iv) the same claim or cause of action was involved in both suits. *Rein*, 270 F.3d at 899 (citations omitted); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 503 (9th Cir. B.A.P. 2003). Here, Global Brands appeared in both the California Bankruptcy Court and the Nevada Bankruptcy Court adverse to Wynn Las Vegas and the Trustee. Pursuant to 28 U.S.C. § 1334(e)(1), the California Bankruptcy Court, in which the bankruptcy case of GGW Direct is pending, has "exclusive jurisdiction … of all the property, whenever located, of the debtor [GGW Direct] as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1); *see* 11 U.S.C. § 541(a). As noted above, the California Bankruptcy Court issued a final judgment on the merits addressing the disposition of the Trust Funds. Global Brands asserted identical arguments against Wynn Las Vegas and the Trustee as to its purported claims to the Trust Funds in both the California Bankruptcy Court and the Nevada Bankruptcy Court.

Additionally, the applicability of collateral estoppel, or issue preclusion, is determined by: (i) whether the issues presented are in substance the same in the present and prior litigation; (ii) whether controlling facts or legal principles have changed significantly since the prior judgment; and (iii) whether other special circumstances warrant an exception to the normal rules of preclusion. *Universal Life Church v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1300-1301 (9th Cir. 1997). It is well-established that a judgment on the merits of a bankruptcy court is entitled to preclusive effect as to the claims and issues decided therein. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009). Moreover, an order approving a settlement should be given res judicata effect as to those issues that were decided. *In re Glenn*, 160 B.R. 837, 838 (Bankr. S.D. Cal. 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).

In *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action* [Docket No. 28] (the "Global Brands Nevada Opposition"), filed in the Nevada Bankruptcy Court, Global Brands argued:

> GGW GLOBAL BRANDS, INC., by operation of an
> Assignment from PEPE BUS, LLC, is successor in interest to PEPE

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

BUS, LLC with respect to the funds in the trust account of HOUSTON ….

2

3

As part of the proposed Resolution of Removed Action which this court has been asked to approve, WYNN LAS VEGAS, GGW DIRECT, LLC, GGW BRANDS, LLC and GGW EVENTS, LLC are agreeing to a division and distribution among them of the funds held in the HOUSTON trust fund account.

4

5

6

GGW GLOBAL BRANDS, INC., which has filed claims to those funds as part of its Answer, Counterclaim and Crosscomplaint has not agreed to such division of its funds and does not agree to such division.[24]

7

8

In its *Answer to Complaint, Counterclaim and Crossclaim by GGW Global Brands, Inc.* [Docket No.

9

27] (the "Nevada Answer"), filed in the Nevada Bankruptcy Court, Global Brands asserted:

10

… All funds held in bank accounts controlled by HOUSTON [i.e., the Trust Funds] … were previously owned by PEPE BUS, LLC.

11

12

… GGW GLOBAL BRANDS, INC., pursuant to an Assignment from PEPE BUS, LLC, is successor in interest to all such funds held in the bank accounts controlled by HOUSTON [the Trust Funds] ….[25]

13

14

Global Brands' arguments to the Nevada Bankruptcy Court, as set forth above, are identical

15

to those it made to the California Bankruptcy Court against approval of the Settlement Agreement:

16

"The $1.1 million that the Settlement Agreement agrees to give Wynn actually belonged to Pepe

17

Bus, LLC [which assigned its right to Global Brands]."[26]  The California Bankruptcy Court

18

discussed Global Brands' contentions in its ruling:

19

… GGW Global [Brands] contends that the Trustee and Wynn LV cannot split the Trust Fund because they are not the only parties involved in the litigation over those funds.  According to GGW Global, the approximately $1 million dollars in the Trust Fund that the Settlement Agreement allocates to Wynn LV actually belongs to Pepe Bus, LLC, which is a party to the Alter Ego Litigation and purportedly assigned the rights to such monies to GGW Global.  **The Court notes that GGW Global did not submit any admissible evidence substantiating this allegation.**[27]

20

21

22

23

24

---

25

[24] RFJN, **Ex. M** (Global Brands Nevada Opposition) at 2-3.

26

[25] RFJN, **Ex. L** (Nevada Answer) at 3.

[26] RFJN, **Ex. G-1** at 15.

27

[27] RFJN, **Ex. AA**.  (*Court's Tentative Ruling on the Trustee's Motion for Approval of Settlement with Wynn Las Vegas, LLC and Stephen Wynn Which Was Adopted as the Court's Final Ruling at the Hearing* at 7 (citations omitted; emphasis added)).

28

To the contrary, the California Bankruptcy Court reviewed, considered and found "persuasive" evidence presented by Wynn Las Vegas regarding the ownership of the Trust Funds:

> Wynn LV presents persuasive evidence demonstrating that all of the money in the Trust Fund belonged to Francis – as opposed to the Debtors. For example, the money in the Trust Fund was transferred from Boulevard, which managed Francis's personal finances. Wynn LV acknowledges that GGW Direct LLC transferred approximately $710,000 to Boulevard. Wynn LV offers deposition testimony to demonstrate that the GGW Entities paid Francis a salary during the first half of 2011, and as a result the funds transferred from GGW Direct, LLC to Boulevard were distributions from the GGW Entities to Francis and most likely not fraudulent transfers. This testimony and documentary evidence tends to show that the $710,000 originating from GGW Direct, LLC was a legitimate payment to Francis from one of the Debtors for services provided by Francis. Therefore, any claim that the Debtors have to that money would be tenuous.[28]

The California Bankruptcy Court's determination of the absence of rights of Global Brands in the Trust Funds was a predicate to the approval of the Settlement Agreement. The division and disposition of the Trust Funds between the Trustee and Wynn Las Vegas is a material and integral provision of the Settlement Agreement and, as set forth above, was considered specifically by the California Bankruptcy Court in its ruling. There is no indication that controlling facts or legal principles have changed significantly since the California Bankruptcy Court's decision, which Global Brands chose not to challenge on appeal. There also is no indication any special circumstances warrant an exception to the normal rules of preclusion.

For the foregoing reasons, Global Brands is precluded from re-asserting its claims in the Trust Funds or re-arguing the issues regarding their disposition through the instant appeal. The only method by which Global Brands was able to challenge the California Bankruptcy Court's disposition of the Trust Funds was to appeal that Court's ruling. Global Brands did not appeal the California Bankruptcy Court's order and, therefore, may not re-litigate its claims and issues here.

**C.      The Appeal Has Become Moot.**

Appeals of certain bankruptcy court orders become moot when a comprehensive change of circumstances has occurred so as to render it inequitable for the court to consider the merits of the appeal. *Motor Vehicle Casualty Company v. Thorpe Insulation Company (In re Thorpe Insulation*

---

[28] *Id.* at 22 (citations omitted).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Company*), 677 F.3d 869, 880 (9th Cir. 2012) (citing *In re Roberts Farms*, 652 F.2d 793, 798 (9th Cir. 1981)).  Where, as here, the appellant sought and was denied a stay, the United States Court of Appeals for the Ninth Circuit, in the context of confirmation of a bankruptcy plan, has described the test for equitable mootness to be (1) whether the plan has been substantially consummated; (2) whether modification of the plan would bear unduly on non-parties; and (3) whether the bankruptcy court on remand may be able to devise an equitable remedy.  *Id.* at 881-83.  In fact, the failure to obtain a stay, by itself, may render an appeal equitably moot.  *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir. 1981)("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal.").

This appeal has become moot under the foregoing standards.  First, the Settlement Agreement and Stipulation have been fully consummated.  All of the terms of the Settlement Agreement have been performed, including disbursement of the Trust Funds and the entry of orders denying the Venue Transfer motion, remanding the Alter Ego Litigation to Clark County District Court, and dismissing the Debtors.  Second, reversing the Nevada Bankruptcy Court Order would impact not only the parties to the Settlement Agreement, but also other creditors of the Debtors' bankruptcy estates whose recovery is dependent in part upon the Trust Funds that already have been received.  Third, at this juncture, the Nevada Bankruptcy Court may be unable to devise an equitable remedy on remand.  An order compelling the Trustee and GGW Marketing to return the portion of the Trust Funds that they received would create an administrative expense claim that would not be entitled to priority over other administrative expense claims of the estates.  Thus, the extent to which such funds are returned would depend upon whether or not the estates are solvent.

Based on the foregoing, this appeal has been rendered moot by events that occurred after the stay expired.  Accordingly, the appeal should be dismissed.

**D.      Global Brands Is Not a Proper Party to the Litigation.**

Global Brands is not a named defendant in this proceeding.  Moreover, even if Global Brands asserted an interest in the Trust Funds as an alleged successor to Pepe Bus, that does not make Global Brands a successor to litigation.  In order to assert its rights in the proceeding, Global Brands would have had to file a motion to intervene. Fed. R. Bankr. P. 7024(a).  It has not done so.  Global

1   Brands should not be permitted to appeal an order issued in a proceeding in which Global Brands

2   has not been given permission to intervene.

3                                         **IV.**

4                                     **Conclusion**

5           Based on the foregoing, Wynn Las Vegas requests that the Court enter an Order

6   (a) dismissing this appeal, and (b) granting Wynn Las Vegas such further relief as is just and proper.

7

8   Dated: October 1, 2013                  BROWNSTEIN HYATT FARBER SCHRECK,
                                            LLP

9                                           By:    _/s/ Mitchell J. Langberg_
                                                   Mitchell J. Langberg
10

11                                          and

12  Dated: October 1, 2013                  PACHULSKI STANG ZIEHL & JONES LLP

13                                          By:    _/s/ Malhar S. Pagay_
                                                   Malhar S. Pagay
14
                                            Attorneys for Wynn Las Vegas, LLC, d/b/a
15                                          Wynn Las Vegas

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this matter.  My business address is:

**10100 Santa Monica Blvd., Ste. 1300, Los Angeles, CA  90067**

A true and correct copy of the foregoing documents entitled (*specify*): **MOTION TO DISMISS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Separate Request for Judicial Notice and Declaration of Malhar S. Pagay filed concurrently herewith]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On **October 1, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 1, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 1, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Andrew P. Gordon
United States District Court – District of Nevada
333 S. Las Vegas Boulevard
Las Vegas, NV 89101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2013 | Janice G Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Andre M. Lagomarsino andre@parkerscheer.com, dan@parkerscheer.com, djb@parkerscheer.com, fd@parkerscheer.com, je@parkerscheer.com, joelle@parkerscheer.com, justin@parkerscheer.com, rebecca@parkerscheer.com, snm@parkerscheer.com

Mitchell J. Langberg mlangberg@bhfs.com, dcrudup@bhfs.com

Laura Bielinski lbielinski@bhfs.com, MEldridge@bhfs.com, eparcells@bhfs.com

Matthew Heyn mheyn@ktbslaw.com

Joanna M Myers jmyers@bhfs.com

Malhar S. Pagay mpagay@pszjlaw.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA