Malhar S. Pagay, Esq. (CA Bar No. 189289) (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
mpagay@pszjlaw.com
Telephone:	(310) 277-6910
Facsimile:	(310) 201-0760

	and

Mitchell J. Langberg, Esq., Nev. Bar No. 10118
Laura F. Bielinski, Esq., Nevada Bar No. 10516
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone:  (702) 382-2101
Facsimile (702) 383-8135

Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON,<br><br>                    Defendants. | Case No.: 2:13-cv-01586-APG-(NJK)<br><br>NV Adversary Case No.: 13-01050-MMN<br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO "DECLARATION" OF JOSEPH R. FRANCIS (APPELLANT'S APP. VOL. VI, TAB H, PGS 1059-1067)**<br><br>**[Reply in Support of Motion to Dismiss and Supplemental Request for Judicial Notice filed concurrently herewith]** |

In *Appellant GGW Global Brands, Inc. Opposition to Motion to Dismiss* [Docket No. 39] (the "Opposition"), Appellant relies upon a purported Declaration of Joseph R. Francis for the proposition that the, "business records of PEPE BUS, LLC show that funds deposited into the attorney trust account at issue came from PEPE BUS, LLC, and Defendant PEPE BUS, LLC assigned all of its rights to such monies to Appellant." [Opposition, p. 2, l. 23-l. 26]

The referenced "Declaration" of Joseph R. Francis appears in Appellant's Appendix at Vol. VI, Tab H, pgs 1059-1067.

Wynn Las Vegas, LLC dba Wynn Las Vegas objects to the admissibility and any reference to the "Declaration" of Joseph R. Francis on the following grounds:

## I.

### The "Declaration" of Joseph A. Francis is Unsworn and Inadmissible.

Review of the "Declaration" of Joseph R. Francis reveals that it is, in fact, not a declaration at all as it is wholly unsworn. Federal Rule of Evidence 603 requires that a witness, before testifying, must give an oath or affirmation to testify truthfully, and such oath or affirmation must be in a form designed to impress that duty on the witness's conscience.

Absent any oath or affirmation, the "Declaration" of Joseph R. Francis is nothing more than hearsay; i.e., a statement not made while testifying and offered to prove the truth of the matter asserted in the statement. Federal Rule of Evidence 801(c).

Hence, the entirety of the "Declaration" of Joseph R. Francis is not testimony and is inadmissible for any purpose.

## II.

### Even If The "Declaration" Is To Be Considered, No Foundation Is Presented To Establish (a) The Personal Knowledge Of Mr. Francis Of The Matter Sought To Be Established Or (b) That The Business Records Or Any Other Exception To The Hearsay Rule Exists As To The Report Referenced In The "Declaration."

In his "Declaration," Mr. Francis states that he was a Manager and Member of PEPE BUS, LLC, that he asked the chief financial officer of that entity to "pull from the accounting business records of PEPE BUS, LLC a list of historical transfers of funds of PEPE BUS, LLC to Boulevard

Management" and that the chief financial officer, who also served in that position for GGW Direct, LLC, "compiled a report of all transfers made to Boulevard Management from PEPE BUS, LLC bank accounts and GGW Direct bank accounts," resulting in a report which is attached as Exhibit A to the "Declaration." Mr. Francis further states that, "the report shows $1,750,000 of PEPE BUS, LLC funds were transferred to Boulevard Management (which funds were subsequently transferred into a client trust account held by David Houston.)"

First, there is no foundation presented that Mr. Francis had or has personal knowledge of the "accounting business records" of PEPE BUS, LLC or GGW Direct. It is axiomatic that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Federal Rule of Evidence 602.

Further, there is no evidence presented in the "Declaration" that the "accounting business records" of PEPE BUS, LLC or GGW Direct, constitute records of a regularly conducted activity such that they would be excepted from the hearsay rule under Federal Rule of Evidence 803(6)(A) through (E). The report itself attached as Exhibit A to the "Declaration" is, itself, not a record of regularly conducted activity excepted from the hearsay rule, and there are no "equivalent circumstantial guarantees of trustworthiness" presented to permit Exhibit A to fall under the residual exception to the hearsay rule contained in Federal Rule of Evidence 807.

Finally, Exhibit A to the "Declaration" cannot constitute a summary to prove content under Federal Rule of Evidence 1006 because (a) there is no showing that the underlying writings constitute records of regularly conducted activity, and (b) such records have not been made available for examination at all, let alone at a reasonable time and place as required under that Rule.

Hence, at best, Mr. Francis only has shown that he has personal knowledge of requesting a report containing a list of certain selected transfers from unauthenticated "business accounting records," and that Exhibit A to his "Declaration" is the report he received pursuant to that request. However, even if the summary contained in Exhibit A is based upon records of regularly conducted activity which might, in other circumstances be admissible, the information contained therein proves nothing other than that PEPE BUS, LLC and GGW Direct transferred certain funds to Boulevard Management. The list of selected transactions which make up Exhibit A do not include transfers

from any other persons or entities to Boulevard Management, nor withdrawals from that account, nor that the funds at issue transferred to the client trust account constitute funds of either PEPE BUS, LLC or GGW Direct. There are simply no admissible facts supporting Francis' conclusion as to the source of those fund.

### III.
### Conclusion

For the reasons set forth hereinabove, the Court should not consider the unsworn "Declaration" of Joseph R. Francis for any purpose, and even if it is considered for any purpose, the contents thereof and Exhibit A thereto should be ruled inadmissible as either not based on personal knowledge, hearsay, or hearsay on hearsay.

Dated: October 28, 2013    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Malhar S. Pagay

And

Dated: October 28, 2013    BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Mitchell J. Langberg*
    Mitchell J. Langberg

Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this matter.  My business address is:

**10100 Santa Monica Blvd., Ste. 1300, Los Angeles, CA  90067**

A true and correct copy of the foregoing documents entitled **EVIDENTIARY OBJECTIONS TO "DECLARATION" OF JOSEPH R. FRANCIS (APPELLANT'S APP. VOL. VI, TAB H, PGS 1059-1067)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On **October 28, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **October 28, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Andrew P. Gordon
United States District Court – District of Nevada
333 S. Las Vegas Boulevard
Las Vegas, NV 89101

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2013 | Janice G Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Joanna M Myers jmyers@bhfs.com
Kenneth E Lyon , III ken@lyonlaw.net
Laura Bielinski lbielinski@bhfs.com, eparcells@bhfs.com, MEldridge@bhfs.com
Malhar S. Pagay mpagay@pszjlaw.com
Matthew Heyn mheyn@ktbslaw.com
Mitchell J. Langberg mlangberg@bhfs.com, dcrudup@bhfs.com

**2. SERVED BY U.S. MAIL**

U.S. Trustee, Las Vegas
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101-5803

DOCS_LA:272656.1 93837/001