Malhar S. Pagay, Esq. (CA Bar No. 189289) (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
mpagay@pszjlaw.com
Telephone:     (310) 277-6910
Facsimile:     (310) 201-0760

        and

Mitchell J. Langberg, Esq., Nev. Bar No. 10118
Laura F. Bielinski, Esq., Nevada Bar No. 10516
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone:   (702) 382-2101
Facsimile (702) 383-8135

Attorneys for Appellee Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 2:13-cv-01586-APG-(NJK) |
| WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company, | NV Adversary Case No.: 13-01050-MMN Chapter 11 |
| Plaintiff, | **BRIEF OF APPELLEE WYNN LAS VEGAS, LLC D/B/A WYNN LAS VEGAS** |
| vs. | |
| GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON, | |
| Defendants. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:272515.4 93837/001

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 4

II. STATEMENT OF FACTS ....................................................................................... 6

    A.   The Alter Ego Litigation .................................................................................. 6

    B.   The Trust Funds .............................................................................................. 7

    C.   The California Bankruptcy Cases .................................................................... 8

    D.   The Settlement Agreement .............................................................................. 9

    E.   GGW Global Brands' Efforts to Oppose Approval of the Settlement Agreement in the California Bankruptcy Court .......................................................................... 11

    F.   Proceedings Before the Nevada Bankruptcy Court ............................................ 11

    G.   Consummation of the Settlement Agreement ................................................... 13

III. THE NEVADA BANKRUPTCY COURT'S RULINGS SHOULD BE AFFIRMED ............... 13

    A.   GGW Global Brands' Opposition to the Stipulation Is an Improper Collateral Attack on the California Bankruptcy Court's Prior Ruling .......................................................... 13

    B.   GGW Global Brands' "Supplemental Opposition" and Francis Declaration Constituted an Unauthorized Sur-Reply and Were Properly Stricken by the Nevada Bankruptcy Court. ............ 19

    C.   The Record Is Devoid of Any Reliable Evidence That GGW Global Brands Actually Holds an Interest in the Trust Funds by Way of Assignment From Pepe Bus. ........................... 20

    D.   GGW Global Brands Is Not A Proper Party to the Alter Ego Litigation ............... 26

    E.   The Alter Ego Complaint and Notice of Removal Have Been Properly Served ..... 27

IV. CONCLUSION ..................................................................................................... 28

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*,
   449 U.S. 90 (1980)................................................................................................ 19

*In re Baker*,
   74 F.3d 906 (9th Cir. 1996) ................................................................................. 19

*In re Birting Fisheries, Inc.*,
   300 B.R. 489 (9th Cir. B.A.P. 2003) ................................................................... 19

*In re Glenn*,
   160 B.R. 837 (Bankr. S.D. Cal. 1993) ................................................................ 17

*In re Kelley*,
   199 B.R. 698 (9th Cir. B.A.P. 1996) ................................................................... 19

*McClain v. Apodaca*,
   793 F.2d 1031 (9th Cir. 1986) ............................................................................. 17

*Montana v. United States*,
   440 U.S. 147 (1979) ............................................................................................. 16

*Oyeniran v. Holder*,
   672 F.3d 800 (9th Cir. 2012) ............................................................................... 17

*Padilla v. Nevada*,
   Case No. 2:09–cv–01636–RLH–PAL, 2012 WL 380003 (D. Nev. Feb. 6, 2012) ........................ 21

*Rein v. Providian Financial Corp.*,
   270 F.3d 895 (9th Cir. 2001) ............................................................................... 19

*Shilling v. Crawford*,
   Case No. 2:05-CV-00889-PMP-GWF, 2007 WL 2790623 (D. Nev. Sept. 21, 2007) .................. 21

*Travelers Indemnity Co. v. Bailey*,
   557 U.S. 137 (2009) ............................................................................................. 17

*United States of America v. Gaytan*,
   Case No. 2:12-cr-00237-APG-CWH, 2013 WL 3744181 (D. Nev. June 14, 2013) ................... 20

*Western Capital Partners, LLC v. Blixseth (In re Blixseth)*,
   2012 WL 3234205 (B.A.P. 9th Cir. 2012).......................................................... 20

**Statutes**

Montana Code § 35-8-903 ...................................................................................... 21, 28

Montana Code § 35-8-906 ...................................................................................... 21, 28

**Rules**

Fed. R. Bankr. P. 7024............................................................................................ 27

Fed. R. Bankr. P. 9014............................................................................................ 14

Fed. R. Bankr. P. 9019....................................................................................... 14, 15

Fed. R. Evid. 1006 .................................................................................................. 26

Fed. R. Evid. 602 .................................................................................................... 26

Fed. R. Evid. 801 .................................................................................................... 25

Fed. R. Evid. 807 .................................................................................................... 26

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ii

NV LBR 9013-1 ............................................................................................................ 14, 15

NV LBR 9014 ................................................................................................................... 20

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

iii

# I.

## **INTRODUCTION**

By this appeal, GGW Global Brands, Inc. ("GGW Global Brands") seeks review of an administrative order to approve a stipulation.  The stipulation implements certain conditions of a Settlement Agreement among Wynn Las Vegas, the chapter 11 trustee appointed in four cases (the "Trustee") and a debtor in possession (GGW Marketing, LLC, hereinafter "GGW Marketing") in another case, all jointly administered and pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").  The stipulation relates to the disposition of certain funds (referred to as Trust Funds) that were under the jurisdiction of the Nevada Bankruptcy Court as a result of the removal of this proceeding by four of the California debtors prior to the appointment of the Trustee.  The Settlement Agreement, including the division and disposition of the Trust Funds as described below, already has been approved by the Honorable Sandra Klein of the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013, which order is final and non-appealable.  The proceedings before Judge Klein relating to the motion for approval of the Settlement Agreement (the "Settlement Approval Motion") were extensive, fully briefed and argued and resulted in the California Bankruptcy Court's issuance of extensive findings of fact and conclusions of law.[1]  Accordingly, the relief granted in the order that is subject to this appeal is purely ministerial in nature and only serves to implement certain aspects of the court-approved Settlement Agreement.

GGW Global Brands had ample opportunity to litigate its purported interest in the Trust Funds in the proceedings before the California Bankruptcy Court on the Settlement Approval Motion and actually did so.  GGW Global Brands filed a written opposition to the Settlement Approval Motion in the California Bankruptcy Court[2] and appeared at the August 7 hearing through its counsel, as did two creditors.[3]  In the California Bankruptcy Court proceedings, GGW Global Brands made the same arguments that it is making here:  that, as the purported assignee of one of Joe

---

[1]  *See* Appellant's Excerpts of Record ("AA"), vol. V, at 862-76 & vol. VI, at 1010-35.

[2]  AA, vol. V, at 878-907.

[3]  AA, vol. IV, at 701-757.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Francis' defunct entities, Pepe Bus, LLC ("Pepe Bus"), GGW Global Brands asserts an interest in the funds to be disbursed pursuant to the Settlement Agreement and does not consent to the contemplated disposition of the funds.  However, GGW Global Brands furnished no evidence to Judge Klein to support a claim of itself or Pepe Bus to the Trust Funds.  Instead, the evidence before the California Bankruptcy Court on this point eliminated any finding of GGW Global Brands having any interest in the Trust Funds.[4]  Based on the foregoing, the California Bankruptcy Court rejected GGW Global Brands' arguments and approved the Settlement Agreement.

Only *after* the California Bankruptcy Court considered and rejected GGW Global Brands' argument in rendering its ruling on the Settlement Agreement did GGW Global Brands file a skeletal "Answer, Counterclaim and Crossclaim" (the "Answer") in the Nevada Bankruptcy Court, asserting ownership in the Trust Funds.  Even though Pepe Bus is a defunct entity (as were defendants Mantra Films, Inc., and Sands Media, Inc.) Wynn Las Vegas actually served the Complaint months earlier on Pepe Bus's sole manager and member, Joe Francis, who also controls GGW Global Brands,[5] so it cannot credibly be argued that GGW Global Brands was not aware of this proceeding.  Also, the existence of this litigation was well-publicized.[6]  GGW Global Brands could have sought to intervene in this proceeding in a timely manner, but failed to do so.  The Opposition and the Answer constitute an impermissible collateral attack on the California Bankruptcy Court's order approving the Settlement Agreement and were properly disregarded by the Nevada Bankruptcy Court.  GGW Global Brands' remedy to challenge the California Bankruptcy Court's ruling regarding the Settlement Approval Motion and the Trust Funds was to appeal such ruling, not attempt to re-litigate its position before another court and seek a different ruling on the merits of the settlement.

The Settlement Agreement was thoroughly negotiated and resolved what otherwise would be costly and time-consuming litigation among the Trustee, Wynn Las Vegas, and Stephen Wynn.  Effectiveness of the Settlement Agreement was expressly conditioned upon the Nevada Bankruptcy

---

[4]  AA, vol. V, at 996.

[5]  On May 24, 2013, Joe Francis (in the capacity of President of GGW Global Brands) filed a Certificate of Revocation of Voluntary Dissolution on behalf of GGW Global Brands with the State of Delaware Secretary of State.  (AA, vol. VI, at 1040)

[6]  AA, vol. V, at 998-1000 through vol. VI, at 1001-08.

Court's approval of the Stipulation by August 30, 2013, and the prompt distribution of the Trust Funds thereafter. The California Bankruptcy Court entered an order approving the Settlement Agreement and that order has not been stayed and is no longer subject to appeal.[7] Accordingly, GGW Global Brands' attempt to assert an estopped and unsubstantiated claim to the Trust Funds at this juncture in order to block the parties' ability to perform the terms of their compromise should not be permitted.

Wynn Las Vegas requests that this Court affirm the rulings of the Nevada Bankruptcy Court.[8]

## II.

## STATEMENT OF FACTS

On June 18, 2009, Wynn Las Vegas obtained a judgment against Francis in the District Court of Clark County, Nevada, arising from unpaid gambling debts (the "Nevada Marker Judgment").[9] The court awarded Wynn Las Vegas $2 million plus prejudgment interest of $838,356.00 and postjudgment interest accruing at the rate of $986.30 per day.

### A.   The Alter Ego Litigation

On April 18, 2012, Wynn Las Vegas commenced an action in the District Court for Clark County, Nevada, against GGW Direct, LLC, GGW Events, LLC, GGW Brands, LLC, Mantra Films, Inc., Blue Horse Trading, LLC, Pepe Bus, Sands Media, Inc., Joseph R. Francis, David R. Houston,

---

[7] On August 9, 2013, the California Bankruptcy Court entered its *Order Denying Oral Motions to Stay Order Granting Motion for Approval of Settlement with Wynn Las Vegas, LLC and Stephen A. Wynn Pending Appeal* [CA Bankr. Docket # 295], denying motions by GGW Global Brands and two other objecting parties for a stay of the court's order granting the Settlement Approval Motion (the "Settlement Approval Order") pending appeal. On August 15, 2013, one objecting party, Tamara Favazza, filed a Notice of Appeal [CA Bankr. Docket # 303] of the Settlement Approval Order, but that appeal has been dismissed. *See* Appellee's Excerpts of Record ("AE"), at 35.

[8] On October 1, 2013, Wynn Las Vegas filed with this Court its *Motion to Dismiss Appeal; Memorandum of Points and Authorities in Support Thereof* and supporting pleadings [Docket Nos. 29, 30 & 31] (the "Motion to Dismiss Appeal"), on the grounds that (1) the appeal is of an interlocutory order for which there are no grounds for leave to appeal; (2) the appeal constitutes a further collateral attack upon the prior rulings of the Bankruptcy Court for the Central District of California; (3) due to events that have occurred since the order on appeal was entered, the appeal has become moot; and (4) GGW Global Brands is not a named Defendant in the underlying litigation and has not sought or been granted permission to intervene therein, and thus is not a proper party to this appeal. This Court has not yet issued a ruling on the Motion to Dismiss Appeal. Wynn Las Vegas' position is that this Court need not reach the merits of this appeal and requests that this Court affirm the Nevada Bankruptcy Court's ruling on the merits without prejudice to the Motion to Dismiss.

[9]   AA, vol. I, at 138-43.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and David R. Houston, Ltd. (the "Alter Ego Litigation"), in which Wynn Las Vegas alleges, among

other things, that:

> . . . . Wynn has been largely unable to collect on its Judgment against
> Francis because Francis is using the GGW Entities to hide his assets
> and income.

> . . . . Specifically, Francis uses the GGW Entities' funds to pay his
> personal expenses in order to prevent Wynn from collecting its
> Judgment.

> . . . . Francis is the chief financial officer of some or all of the GGW
> Entities.

> . . . . Francis exercises complete dominion and control over the GGW
> Entities.

> . . . .  The GGW Entities are influenced and governed by Francis, and
> Francis acts as the ultimate authority for their business and financial
> transactions.

> . . . . Francis commingles his personal funds with the funds of the
> GGW Entities and makes unauthorized diversions of funds from the
> GGW Entities for his personal use.

> . . . . That is, Francis causes the GGW Entities to pay some or all of his
> personal expenses from the GGW Entities' accounts.

> . . . . Upon information and belief, the GGW Entities fail to comply
> with corporate formalities required by law.[10]

**B.    The Trust Funds**

In the Alter Ego Litigation, Wynn Las Vegas asserts an interest in certain funds alleged to be

owned by **GGW Direct**, including $1,846,578.28 being held in an IOLTA trust account (the "Trust

Funds") by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively "Houston").

In order to maintain the status quo and to prevent dissipation of the Trust Funds pending the

resolution of the parties' rights therein, the parties entered into the *Stipulation and Proposed Order*

*Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further*

*Proceedings*, filed June 29, 2012 (the "Houston Stipulation"), which stipulation was approved by the

Clark County Court pursuant to that certain *Order Regarding the Participation of David R. Houston,*

*Esq. and David R. Houston, Ltd. in Further Proceedings*, dated July 12, 2012 and entered July 16,

---

[10]  Complaint, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District Court, Clark
County, NV; Case No.:  A-12-660288-B) ¶¶ 19-26 at 3-4.  (AA, vol. I, at 154-55)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:272515.4 93837/001

2012 (the "Houston Order").[11]  In the Houston Stipulation, each of the parties to the Alter Ego

Litigation stipulated that the "right to possession of the Trust Funds is an issue to be determined by

this court in this action…."  Houston Stipulation ¶ 1.  The Houston Stipulation also provides,

"Houston has no beneficial interest in the Trust Funds or its proceeds.  Houston … will comply with

such order or judgments served upon Houston, whether or not Houston has been dismissed as a

party."  *Id.* ¶ 2; *see also* Houston Order ¶ 2.

On August 17, 2012, the court issued a Preliminary Injunction in the Alter Ego Litigation

(the "Alter Ego Injunction") barring the defendants from transferring the Trust Funds because "in the

absence of such relief, one or more of the defendants is likely to transfer **GGW Direct's** assets out

of the State of Nevada."[12] (Emphasis added).  The court found that Wynn Las Vegas:

> has a substantial likelihood of success on the merits of its claim for
> declaratory relief related to alter ego. . . and has presented evidence
> that:
>
> (a)   Francis uses GGW Direct, LLC as a shield from liability by
> commingling his personal funds with those of GGW Direct;
>
> (b)   Francis uses the funds of GGW Direct to pay his personal
> expenses;
>
> (c)   Francis is abusing the business entity form to frustrate
> creditors. . . ;
>
> (d)   As the person most knowledgeable of the day to day operations
> of GGW Direct and the sole signatory on checks issued by
> GGW Direct, Francis likely controls GGW Direct's operations;
>
> (e)   There is such unity of interest between GGW Direct and
> Francis such that GGW Direct is the alter ego of Francis; and
>
> (f)   In this instance, to recognize the business entity form would
> work an injustice on Francis' creditors, including Wynn [Las
> Vegas][13]

## C.     The California Bankruptcy Cases

On February 27, 2013, each of GGW Direct, GGW Events, GGW Brands and GGW

Magazine, LLC ("GGW Magazine"), commenced voluntary chapter 11 cases in the California

---

[11]  AA, vol. VI, at 1146-58.

[12]  Preliminary Injunction, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District Court, Clark County, NV; Case No.:  A-12-660288-B) ¶ 1 at 1.  (AA, vol. I, at 160)

[13]  *Id.* ¶ 2 at 2-3.  (AA, vol. I, at 160-61)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Bankruptcy Court.  On May 22, 2013, GGW Marketing, LLC ("GGW Marketing" and together with GGW Direct, GGW Events, GGW Brands and GGW Magazine, the "Debtors"), commenced a voluntary chapter 11 case in the California Bankruptcy Court.  The Debtors' chapter 11 cases (the "California Bankruptcy Cases") have been administratively consolidated.

On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee in the California Bankruptcy Cases of GGW Direct, GGW Events, GGW Brands, and GGW Magazine (the "Trustee Motion"), which was granted by orders entered on April 11, 2013, in each of the California Bankruptcy Cases.  The United States Trustee for the Central District of California appointed R. Todd Neilson as the Trustee for each of the Debtors other than GGW Marketing.  In the California Bankruptcy Cases, Wynn Las Vegas asserts various claims against the Debtors (the "Wynn Claims").

On March 26, 2013, the Debtors removed the Alter Ego Litigation to the Nevada Bankruptcy Court.

On April 1, 2013, the Debtors filed a motion to transfer venue of the Alter Ego Litigation (as amended, the "Venue Transfer Motion") from the Nevada Bankruptcy Court to the California Bankruptcy Court.

On April 10, 2013, Wynn Las Vegas filed its motion to remand the Alter Ego Litigation back to the Nevada State Court (the "Remand Motion").

A hearing to consider both the Venue Transfer Motion and the Remand Motion was scheduled to take place in the Nevada Bankruptcy Court on May 8, 2013.  Pursuant to a stipulation executed by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by the Nevada Bankruptcy Court on April 30, 2013, that hearing was continued to July 11, 2013, and then continued again to September 26, 2013.

**D.**       **The Settlement Agreement**

The Parties negotiated a consensual resolution of their disputes regarding the Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn Claims and the Trust Funds, on the terms and conditions of the Settlement Agreement, dated as of July 10, 2013.  On July 15, 2013, the Trustee filed a motion (the "Settlement Motion") with the California Bankruptcy Court

9

seeking approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").[14]  A copy of the Settlement Agreement is attached

as Exhibit A to the Settlement Motion.[15]

The Settlement Agreement resolved the Parties' disputes by allowing Wynn Las Vegas'

Claims in the California Bankruptcy Cases in settled amounts, and subordinating them to certain

other estate obligations, and providing for the following resolution with respect to the Trust Funds,

the Venue Transfer Motions, and the Remand Motion:

a. Houston shall immediately pay the Trustee $800,000 of the Trust Funds.  Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas.  The payment of the balance of the Trust Funds to Wynn Las Vegas shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.

b. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, Wynn Las Vegas shall dismiss, without prejudice, Defendants GGW Brands, GGW Direct, and GGW Events from the Alter Ego Litigation, which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California Bankruptcy Cases or its claims against the other defendants in the Alter Ego Litigation.

c. Wynn Las Vegas will not attempt to add any of the Debtors as parties in the Alter Ego Litigation unless the California Bankruptcy Cases are dismissed.

d. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands and GGW Magazine, withdraws the Venue Transfer Motions.

e. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands, and GGW Magazine, consents to the relief sought in the Remand Motion.  Counsel for Wynn Las Vegas shall prepare and lodge an order granting the Remand Motion when payment to the Trustee and Wynn Las Vegas.

f. The hearings on the Remand Motion and the Venue Transfer Motions, scheduled to take place in the Nevada Bankruptcy Court on September 26, 2013, should be taken off calendar and adjourned.  All deadlines for opposition and reply papers associated therewith should be cancelled.

Pursuant to the Houston Stipulation and Houston Order, discussed above, the Trust Funds

were subject to the jurisdiction of the Nevada Bankruptcy Court.  Accordingly, the Settlement

Agreement was to be implemented through the entry of an administrative order of the Nevada

---

[14]  AA, vol. I, at 63 through vol. IV, at 684.

[15]  AA, vol. I, at 121 through vol. II, at 212.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Bankruptcy Court approving the Stipulation directing the disposition of the Trust Funds, as well as

2   of the Remand Motion and Venue Transfer Motions, as set forth in the Settlement Agreement.  *See*

3   Settlement Agreement, ¶ 4.G.  The forms of Stipulation and *Order Approving Stipulation Regarding*

4   *Resolution of Removed Action*, were filed with and approved by the California Bankruptcy Court as

5   attachments to the Settlement Agreement.[16]

6   **E.**  **GGW Global Brands' Efforts to Oppose Approval of the Settlement Agreement in the**

7   **California Bankruptcy Court**

8   GGW Global Brands filed a written opposition to the Settlement Motion in the California

9   Bankruptcy Court[17] and appeared at the August 7 hearing through its counsel, as did two creditors.

10  GGW Global Brands contended that the Settlement Agreement should not be approved on the

11  grounds that GGW Global Brands had an interest in the Trust Funds as assignee of another one of

12  Francis' entities, Pepe Bus, and did not consent to the distribution of the Trust Funds pursuant to the

13  Settlement Agreement.

14  The Settlement Agreement was approved by the California Bankruptcy Court at a hearing

15  conducted on August 7, 2013, and by order entered on August 9, 2013.[18]  **GGW Global Brands did**

16  **not appeal the order approving the Settlement Agreement.**[19]

17  **F.**  **Proceedings Before the Nevada Bankruptcy Court**

18  As contemplated in the Settlement Agreement, in order to implement the court-approved

19  settlement, on July 31, 2013, Wynn Las Vegas filed with the Nevada Bankruptcy Court that certain

20  *Notice of Motion and Motion for Order Approving Stipulation Regarding Resolution of Removed*

21  *Action; Memorandum of Points and Authorities in Support Thereof* (the "Motion to Approve

22  Stipulation"),[20] seeking a ministerial order from the Nevada Bankruptcy Court to approve the

23

24  [16]  AA, vol. I., at 188 through vol. II, at 205.

25  [17]  AA, vol. V, at 878-907.

26  [18]  AA, vol. V, at 862-76.

27  [19]  Creditor Tamara Favazza filed a motion for leave to appeal the California Bankruptcy Court's order approving the Settlement Agreement.  However, as noted above, Favazza's motion was denied by the United States District Court for the Central District of California in an order entered on August 27, 2013.

28  [20]  AA, vol. I, at 42 through vol. IV, at 684.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

stipulated disposition of the Trust Funds, Remand Motion and Venue Transfers Motions in accordance with the California Bankruptcy Court's order.

On August 14, 2013, GGW Global Brands filed *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action*, alleging again, just as it did before the California Bankruptcy Court, that the Trust Funds belong to GGW Global Brands and opposing the proposed disposition of the Trust Funds.

On August 21, 2013, Wynn Las Vegas filed the *Reply Re: Motion for Order Approving Stipulation Regarding Resolution of Removed Action*, supporting *Declaration of Malhar Pagay*; and *Request for Judicial Notice* (collectively, the "Reply"), contending, among other things, that GGW Global Brands' opposition was an impermissible collateral attack on the California Bankruptcy Court's order approving the Settlement Agreement.[21]

On August 23, 2013, in response to the Reply, GGW Global Brands filed a sur-reply, styled as a "Supplemental Opposition" (the "Unauthorized Sur-Reply").  However, GGW Global Brands did not receive authorization from the Nevada Bankruptcy Court to file the Unauthorized Sur-Reply in response to Wynn Las Vegas's Reply.  Wynn Las Vegas filed an objection and motion to strike the Sur-Reply, and addressed a number of factual misstatements made by GGW Global Brands therein, on August 27, 2013.[22]  At the hearing conducted on August 28, 2013, the Nevada Bankruptcy Court sustained Wynn Las Vegas's objections and granted its motion to strike the Sur-Reply.

The Nevada Bankruptcy Court granted Wynn Las Vegas' motion to approve the Stipulation at a hearing conducted on August 28, 2013, and by order entered August 29, 2013 (the "Nevada Bankruptcy Court Order").[23]

On September 3, 2013, GGW Global Brands filed a notice of appeal of the Nevada Bankruptcy Court Order.

---

[21]  AA, vol. IV, at 689 through vol. VI, at 1040.
[22]  AA, vol. VI, at 1068-1158.
[23]  AA, vol. VI, at 1159-66.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### G.    Consummation of the Settlement Agreement

The following actions have been taken pursuant to the Settlement Agreement and Stipulation:

- On September 6, 2013, Houston wired the Trust Funds to the Trustee and Wynn Las Vegas, which wires were received the same day.[24]

- On September 13, 2013, the Nevada Bankruptcy Court entered orders that (i) deemed the Venue Transfer Motions withdrawn; (ii) dismissed, without prejudice, defendants GGW Grands, LLC, GGW Direct, LLC and GGW Events, LLC from the Alter Ego Litigation; and (iii) granted the Remand Motion.[25]  **The period to appeal all three orders has expired and no notices of appeal have been filed.**

Accordingly, the Settlement Agreement and Stipulation now have been fully consummated.

### III.

### THE NEVADA BANKRUPTCY COURT'S RULINGS SHOULD BE AFFIRMED[26]

### A.    GGW Global Brands' Opposition to the Stipulation Is an Improper Collateral Attack on the California Bankruptcy Court's Prior Ruling.

The Settlement Agreement – together with the form of Stipulation which the Nevada Bankruptcy Court would approve as part of the settlement – was duly filed with the California Bankruptcy Court, together with a motion for its approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), thereby commencing a "contested matter" within the meaning of Bankruptcy Rule 9014.  Pursuant to Bankruptcy Rule 9014, certain Federal Rules of Civil Procedure, including among other things rules of pleading, rules pertaining to depositions and written discovery, and rules governing entry and execution of judgments, as well as certain of the Local Bankruptcy Rules adopted by the United States Bankruptcy Court for the Central District of California (the "CA LBRs"), applied.  Among other things, subsection (f) of CA LBR 9013-1 ("Motion Practice and Contested Matters") provides as follows, in pertinent part:

> Except as set forth in LBR 7056-1 (with regard to motions for summary judgment or partial summary adjudication), LBRs 2014-1(b), 2016-

---

[24] *See Declaration of Malhar S. Pagay Regarding Motion to Dismiss Appeal* [Docket No. 30], ¶ 3.  (AE, at 37.

[25] AE, at 23-34.

[26] As discussed above, it is Wynn Las Vegas' position that this appeal should be dismissed on the grounds set forth in the Motion to Dismiss Appeal, such that the merits of the appeal need not be considered.  Wynn Las Vegas' request that this Court affirm the Nevada Bankruptcy Court's ruling on the merits is without prejudice to Wynn Las Vegas' Motion to Dismiss Appeal.

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1(a)(2), 3015-1(w) and (x), and 9013-1(o) (with regard to motion and matters that may not require a hearing), and LBR 9075-1 (with regard to motions to be heard on an emergency or shortened notice basis or unless otherwise ordered by the court), each interested party opposing or responding to the motion must file and serve on the moving party and the United States trustee not later than 14 days before the date designated for hearing either:

(1) A complete written statement of all reasons in opposition thereto or in support, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities…..

Moreover, subsection (i) of CA LBR 9013-1 provides as follows, in pertinent part:

Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence.  The verification of a motion is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court.

(1) The court may, at its discretion, in addition to or in lieu of declaratory evidence, require or allow oral examination of any declarant or any other witness in accordance with FRBP 9017.  When the court intends to take such testimony, it will give the parties 2 days notice of its intention, if possible, or may grant such a continuance as it may deem appropriate.

(2) An evidentiary objection may be deemed waived unless it is (A) set forth in a separate document; (B) cites the specific Federal Rule of Evidence upon which the objection is based; and (C) is filed with the response or reply.

(3) In lieu of oral testimony, a declaration under penalty of perjury will be received into evidence.

(4) Unless the court orders otherwise, a witness need not be present at the first hearing on a motion.

(5) If the court decides to hear oral testimony, the matter may be continued to another date for final hearing.

The "Notice of Motion" regarding the motion to approve the Settlement Agreement that was filed and served on creditors specifically references Bankruptcy Rule 9019 and CA LBR 9013-1.[27]

In response to the Bankruptcy Rule 9019 motion, GGW Global Brands filed approximately 30 pages of pleadings in opposition to approval of the Settlement Agreement.  In its opposition, GGW Global Brands contended that the Settlement Agreement should not be approved on the

---

[27]  AA, vol. I, at 65:9 & 68:3.

14

grounds that, *inter alia*, a defendant in the Alter Ego Litigation, Pepe Bus, had assigned rights to the Trust Funds to GGW Global Brands and that such assertion "precludes th[e] court from approving the Settlement since the property of parties other than those who will be signatories to the Settlement Agreement are being dealt with by the proposed Settlement."[28]

On August 7, 2013, the California Bankruptcy Court issued a tentative ruling on the Settlement Motion noting that, while GGW Global Brands had not submitted any admissible evidence substantiating its allegation, the Trustee had submitted evidence that Pepe Bus was voluntarily terminated on March 12, 2012 – before the Alter Ego Litigation was commenced – and as a result it did not need to be served; that even if Pepe Bus should have been served, it was properly served through its manager, Francis; and that after Pepe Bus was voluntarily terminated it ceased to exist and could not enter into contracts such as an assignment of its right in the Trust Funds to GGW Global Brands was impossible.[29]  GGW Global Brands appeared through counsel at the August 7th hearing at which the California Bankruptcy Court considered the Settlement Motion, and was afforded an opportunity to respond to the Trustee's contentions and the California Bankruptcy Court's tentative ruling.[30]  At the hearing, GGW Global Brands elected to rest on its papers.[31]  Moreover, GGW Global Brands did not appeal the California Bankruptcy Court's order approving the Settlement Agreement.

GGW Global Brands' efforts to indirectly attack the approved Settlement Agreement through the Stipulation is precisely the type of collateral attack that claim preclusion principles are intended to prevent.  A "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ."  *Montana v. United States*, 440 U.S. 147, 153 (1979).  Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[28]  AA, vol. V, at 895:7-15.

[29]  AA, vol. V, at 887 & 890.

[30]  AA, vol. IV, at 703:17-19; 723:11.

[31]  AA, vol. IV, at 723:12-21.

15

subsequent suits based on a different cause of action involving a party to the prior litigation.

*Montana*, 440 U.S. at 153.

As GGW Global Brands' asserted interest in the Trust Funds actually was litigated and decided by the California Bankruptcy Court upon a full and fair opportunity for GGW Global Brands to litigate its claim, collateral estoppel applies. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).  For collateral estoppel to apply, four factors must be present:  (1) the issue at stake is identical to the issue in the previous proceeding; (2) the issue was actually litigated and decided in the prior proceeding; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide on the merits.  *Id.* at 806.  A bankruptcy court's judgment on the merits is entitled to preclusive effect as to the claims and issues decided therein.  *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009).  Moreover, a bankruptcy court's order approving a settlement is entitled to preclusive effect as to those issues that were decided.  *In re Glenn*, 160 B.R. 837, 838 (Bankr. S.D. Cal 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).

In *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action* [Docket No. 28] (the "Global Brands Nevada Opposition"), filed in the Nevada Bankruptcy Court, GGW Global Brands argued:

> GGW GLOBAL BRANDS, INC., by operation of an Assignment from PEPE BUS, LLC, is successor in interest to PEPE BUS, LLC with respect to the funds in the trust account of HOUSTON ....
>
> As part of the proposed Resolution of Removed Action which this court has been asked to approve, WYNN LAS VEGAS, GGW DIRECT, LLC, GGW BRANDS, LLC and GGW EVENTS, LLC are agreeing to a division and distribution among them of the funds held in the HOUSTON trust fund account.
>
> GGW GLOBAL BRANDS, INC., which has filed claims to those funds as part of its Answer, Counterclaim and Crosscomplaint has not agreed to such division of its funds and does not agree to such division.[32]

In its *Answer to Complaint, Counterclaim and Crossclaim by GGW Global Brands, Inc.* [Docket No. 27] (the "Nevada Answer"), filed in the Nevada Bankruptcy Court, GGW Global Brands asserted:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[32]  AA, vol. IV, at 686-87.

16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> … All funds held in bank accounts controlled by HOUSTON [i.e., the Trust Funds] … were previously owned by PEPE BUS, LLC.
>
> … GGW GLOBAL BRANDS, INC., pursuant to an Assignment from PEPE BUS, LLC, is successor in interest to all such funds held in the bank accounts controlled by HOUSTON [the Trust Funds] ….[33]

Thus, GGW Global Brands' arguments to the Nevada Bankruptcy Court, as set forth above, are identical to those it made to the California Bankruptcy Court against approval of the Settlement Agreement: "The $1.1 million that the Settlement Agreement agrees to give Wynn actually belonged to Pepe Bus, LLC [which assigned its right to GGW Global Brands]."[34]   The California Bankruptcy Court discussed GGW Global Brands' contentions in its ruling:

> … GGW Global [Brands] contends that the Trustee and Wynn LV cannot split the Trust Fund because they are not the only parties involved in the litigation over those funds.  According to GGW Global, the approximately $1 million dollars in the Trust Fund that the Settlement Agreement allocates to Wynn LV actually belongs to Pepe Bus, LLC, which is a party to the Alter Ego Litigation and purportedly assigned the rights to such monies to GGW Global.  **The Court notes that GGW Global did not submit any admissible evidence substantiating this allegation.**[35]

To the contrary, the California Bankruptcy Court reviewed, considered and found "persuasive" evidence presented by Wynn Las Vegas regarding the ownership of the Trust Funds:

> Wynn LV presents persuasive evidence demonstrating that all of the money in the Trust Fund belonged to Francis – as opposed to the Debtors.  For example, the money in the Trust Fund was transferred from Boulevard, which managed Francis's personal finances.  Wynn LV acknowledges that GGW Direct LLC transferred approximately $710,000 to Boulevard.  Wynn LV offers deposition testimony to demonstrate that the GGW Entities paid Francis a salary during the first half of 2011, and as a result the funds transferred from GGW Direct, LLC to Boulevard were distributions from the GGW Entities to Francis and most likely not fraudulent transfers.  This testimony and documentary evidence tends to show that the $710,000 originating from GGW Direct, LLC was a legitimate payment to Francis from one of the Debtors for services provided by Francis.  Therefore, any claim that the Debtors have to that money would be tenuous.[36]

---

[33]  AA, vol. I, at 40.

[34]  AA, vol. IV, at 895.

[35]  *Court's Tentative Ruling on the Trustee's Motion for Approval of Settlement with Wynn Las Vegas, LLC and Stephen Wynn Which Was Adopted as the Court's Final Ruling at the Hearing* at 7 (citations omitted; emphasis added).  (AA, vol. VI, at 1017)

[36]  *Id.* at 22 (citations omitted).  (AA, Vol. VI, at 1032)

17

The issue of GGW Global Brands' interest in the Trust Funds actually was litigated in the California Bankruptcy Court. The California Bankruptcy Court's determination of the absence of rights of GGW Global Brands in the Trust Funds was a necessary predicate to the approval of the Settlement Agreement. The division and disposition of the Trust Funds between the Trustee and Wynn Las Vegas is a material and integral provision of the Settlement Agreement and, as set forth above, was considered specifically by the California Bankruptcy Court in its ruling. GGW Global Brands had a fair opportunity to present its arguments to the California Bankruptcy Court. There is no indication that controlling facts or legal principles have changed significantly since the California Bankruptcy Court's decision, which GGW Global Brands chose not to challenge on appeal. There also is no indication any special circumstances warrant an exception to the normal rules of preclusion.

Moreover, in the Ninth Circuit, res judicata or claim preclusion provides that a "final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Financial Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001) (citing *In re Baker*, 74 F.3d 906 (9th Cir. 1996)); *see also Allen v. McCurry*, 449 U.S. 90 (1980); *In re Kelley*, 199 B.R. 698, 702 (9th Cir. B.A.P. 1996). Res judicata is appropriate when: (i) the parties are identical or in privity; (ii) the judgment in the prior action was rendered by a court of competent jurisdiction; (iii) there was final judgment on the merits; and (iv) the same claim or cause of action was involved in both suits. *Rein*, 270 F.3d at 899 (citations omitted); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 503 (9th Cir. B.A.P. 2003). Here, GGW Global Brands appeared in both the California Bankruptcy Court and the Nevada Bankruptcy Court adverse to Wynn Las Vegas and the Trustee. Pursuant to 28 U.S.C. § 1334(e)(1), the California Bankruptcy Court, in which the bankruptcy case of GGW Direct is pending, has "exclusive jurisdiction … of all the property, whenever located, of the debtor [GGW Direct] as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1); *see* 11 U.S.C. § 541(a). As noted above, the California Bankruptcy Court issued a final judgment on the merits addressing the disposition of the Trust Funds. GGW Global Brands asserted identical arguments against Wynn Las Vegas and the Trustee as to its purported claims to the Trust Funds in both the California Bankruptcy Court and the Nevada Bankruptcy Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

GGW Global Brands' reliance on *Western Capital Partners, LLC v. Blixseth (In re Blixseth)*, 2012 WL 3234205 (B.A.P. 9th Cir. 2012), is wholly misplaced.  First, *Blixseth* involved a **direct** appeal of the order at issue, not an indirect attack on the order in another court.  The preclusive effect of the bankruptcy court's findings in other courts, therefore, was not even an issue before the Bankruptcy Appellate Panel (BAP).  Moreover, the process that was afforded to the appellant in *Blixseth* bears no resemblance to the facts at bar.  In *Blixseth*, the trustee did not file a motion to approve the stipulation at issue such that the federal and local bankruptcy rules applicable to contested matters described above did not clearly automatically apply.  Further, the court never clarified for the parties that such rules did apply.  Rather, as the BAP observed, the court only set a hearing on the stipulation after the intervening party filed a motion requesting a hearing.  The court then issued a notice of the hearing without provisions explaining the purpose of the hearing, containing deadlines for briefing or evidentiary objections, or referring to or describing the applicable rules of procedure.

For the foregoing reasons, GGW Global Brands is precluded from re-asserting its claims in the Trust Funds or re-arguing the issues regarding their disposition in the Nevada courts.  The only method by which GGW Global Brands was able to challenge the California Bankruptcy Court's disposition of the Trust Funds was to appeal that court's ruling.  GGW Global Brands did not appeal the California Bankruptcy Court's order and, therefore, may not re-litigate its claims and issues here.

## B.     GGW Global Brands' "Supplemental Opposition" and Francis Declaration Constituted an Unauthorized Sur-Reply and Were Properly Stricken by the Nevada Bankruptcy Court.

Local Bankruptcy Rule ("NV LBR") 9014, which governs the briefs which may be filed in connection with a motion before the Nevada Bankruptcy Court, makes no provision for the filing of papers in response to a reply – *i.e.*, a sur-reply.  In particular, NV LBR 9014(d), which governs the filing and service of reply papers, does not authorize the submission of sur-replies.  A sur-reply that is not permitted by either local rule or court authorization is an improper document that should be stricken and disregarded.  *See, e.g.*, *United States of America v. Gaytan*, Case No. 2:12-cr-00237-APG-CWH, 2013 WL 3744181, *1 (D. Nev. June 14, 2013) (striking sur-reply that was filed

without leave of the court based upon the local rules of the District Court of Nevada as an "improper document"); *Padilla v. Nevada*, Case No. 2:09–cv–01636–RLH–PAL, 2012 WL 380003, *1 (D. Nev. Feb. 6, 2012) (holding that court's permission must be sought and obtained as a condition to filing a sur-reply and striking unauthorized sur-reply under the Nevada District Court local rules); *Shilling v. Crawford*, Case No. 2:05-CV-00889-PMP-GWF, 2007 WL 2790623 at *5 (D. Nev. Sept. 21, 2007) (same).

The applicable NV LBR does not authorize any party to file a sur-reply. Moreover, GGW Global Brands neither sought nor obtained the Nevada Bankruptcy Court's permission to file a sur-reply. The filing of the Supplemental Opposition and Francis Declaration after the filing of Wynn Las Vegas's Reply – notwithstanding GGW Global Brands' efforts to circumvent this Court's rules by calling its sur-reply a "Supplemental Opposition" - was not in compliance with the applicable NV LBR, and such pleadings were properly disregarded and stricken in their entirety.

**C.** **The Record Is Devoid of Any Reliable Evidence That GGW Global Brands Actually Holds an Interest in the Trust Funds by Way of Assignment From Pepe Bus.**

**1.** **Pepe Bus Was No Longer In Existence When the Alter Ego Litigation Was Commenced**

In its "Supplemental Opposition" to the Stipulation filed with the Nevada Bankruptcy Court, GGW Global Brands misstates the difference between the "termination" and the "dissolution" of a limited liability company. On March 12, 2012, Articles of Termination, not articles of dissolution, were filed for Pepe Bus.[37] As a result, the controlling statute is Montana Code § 35-8-906, not § 35-8-903(2), as stated by the Supplemental Opposition. Montana Code § 35-8-906(2) states that "[t]he existence of a limited liability company is terminated upon the filing of the articles of termination or upon a later effective date, if specified in the articles of termination." There is no wind-up after termination; the termination is filed after wind up is complete. *See* § 35-8-906(1)  ("At any time *after dissolution and winding up*, a limited liability company may terminate its existence by filing with the secretary of state").

---

[37]  AA, vol. VI, at 1129 (Pepe Bus Articles of Termination).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Pepe Bus' Articles of Termination state that the effective date of the termination of Pepe Bus was March 5, 2012, and the termination was because the "LLC has been dissolved."[38]  Thus, Pepe Bus was no longer in existence when Wynn Las Vegas commenced the Alter Ego Litigation.

**2.      Robert Klueger Was Not the Member of Pepe Bus at the Time of Its Termination**

Even if Robert Klueger did sign the Articles of Termination supposedly as member, this was most likely a mistake and incorrect representation.  All evidence points to *Francis* being the sole member of Pepe Bus.  The Montana Certificate of Fact identifies Francis as the sole member and manager of Pepe Bus.[39]  A Statement of Change of Registered Agent filed for Pepe Bus in 2008 was signed by Francis as the member of Pepe Bus.[40]  Every annual report filed with the Montana Secretary of State for Pepe Bus from 2008 through 2012 identifies Francis as the member of Pepe Bus.[41]  The last annual report identifying Francis as the member of Pepe Bus was submitted on March 8, 2012, three days after the effective date of termination of March 5, 2012, stated in the Articles of Termination.[42]  The only evidence that Klueger was a member is his signature on the Articles of Termination.

Klueger most likely signed the Articles of Termination as part of his efforts representing Francis in 2012, not as the member of Pepe Bus.  When discussing his representation of Francis, Klueger, at his August 2012 deposition, stated that "part of my duties was to, you know, clean up and – and liquidate, you know, some – some entities that were, you know, long since defunct, as far as I know.  Some entity called Pepe Bus, and there were some others."  Klueger also confirmed that he did this "clean up" in 2012 and that Pepe Bus was defunct at the time.[43]

---

[38]  *Id.*

[39]  AA, vol. VI, at 1131 (Montana Certificate of Fact).

[40]  AA, vol. VI, at 1133 (Statement of Change of Registered Agent).

[41]  AA, vol. VI, at 1135-39 (Pepe Bus Annual Reports).

[42]  *Id.*

[43]  Transcript of Deposition of Robert Klueger dated August 28, 2012, 42:34-43:16.  (AA, vol. VI, at 1083:34-1084:16)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### 3.    Francis' Past Testimony Regarding Pepe Bus Is Contradictory

The Francis Declaration directly contradicts Francis' past testimony about Pepe Bus and lacks credibility.  In his new declaration, Francis claims he was manager and member of Pepe Bus until Klueger became manager in March 2012.  However, at a debtor's examination taken on July 12, 2013, three months ago, Francis was asked about Pepe Bus and responded as follows:

> Q:  Do you know anything about the owners, members, managers of Pepe Bus?
>
> A:  Nope.[44]

In June 2012, three months after Pepe Bus was terminated, at his deposition taken in connection with the Alter Ego Litigation, Francis testified as follows:

> Q:  Now what is Pepe Bus?
>
> A:  It's just the name of an account for Mantra Films.
>
> Q:  What is Pepe Bus, LLC?
>
> A:  I don't know.[45]

When Francis was pressed on the topic, he answered as follows:

> Q:  So you think that Pepe Bus, LLC and Mantra Films, Inc. was just one and the same?
>
> A:  No, not one and the same. I believe – this is just my understanding. I believe Mantra owned Pepe.[46]

However, in August 2011, at a debtor's examination taken in California two months after supposedly assigning any interest in the Trust Funds to GGW Global Brands, Francis testified as follows about Pepe Bus:

> Q.  Are you familiar with Pepe Bus LLC?
>
> A.  Am I familiar? Ever heard the name? Yes.
>
> Q.  Let's start there.

---

[44]  Transcript of Judgment Debtor Exam of Joseph Francis dated July 12, 2013, 12:17-19.  (AA, vol. VI, at 1090:17-19)

[45]  Transcript of Joseph Francis Deposition dated June 19, 2012 ("Francis June 2012 Depo"), 83:11-15).  (AA, vol. VI, at 1097:11-15)

[46]  Francis June 2012 Depo, 85:3-7.  (AA, vol. VI, at 1099:3-7)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:272515.4 93837/001

A.  Yes.

Q.  Are you an officer of that LLC?

A.  I have no idea.

Q.  Do you know what they do?

A.  Not really.  I know it's one of the entities that is in the business, but I'm not sure of the structure or what exactly it does or holds or whatever.[47]

Simply put, Francis' testimony and evidence regarding Pepe Bus is not reliable.

**4.      Boulevard Management Documents Reflect that $295,000, Not $1.75 Million, Came From Pepe Bus**

In addition to all the evidence submitted in previous briefs identifying the Trust Funds as belonging to Francis alone, including a letter specifically stating that Boulevard Management would not be representing any of Francis' entities,[48] Boulevard Management produced to Wynn Las Vegas a schedule of deposits for Francis' account.  The schedule of deposits identifies three deposits, those made on January 26, 2010, January 28, 2010, and January 29, 2010, as deposits belonging to Pepe Bus, totaling $295,000.[49]  Francis' supposed ledger identifies three other deposits, on January 29, 2010, February 3, 2010, and February 24, 2010, totaling $1.55 million, as belonging to Pepe Bus.  However, Boulevard Management's schedule of deposits identifies these deposits as belonging to Joe Francis personally, not Pepe Bus.  In fact, Boulevard Management produced the actual checks for those three deposits, and all three checks are cashier's checks from Joe Francis personally to Boulevard Management.[50]  Thus, the evidence establishes that Pepe Bus only contributed $295,000, not $1.75 million, of the Trust Funds.

---

[47]  Transcript of Judgment Debtor Examination of Joseph Francis dated August 22, 2011, 44:14-23.  (AA, vol. VI, at 1106:14-23)

[48]  AA, vol. VI, at 1110 (November 9, 2011 Boulevard Letter to Francis).

[49]  AA, vol. VI, at 1112 (Boulevard Schedule of Deposits).

[50]  AA, vol. VI, at 1114-16 (Francis' Cashier Checks).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.     **The June 2011 "Assignment" from Pepe Bus to Brands, Inc. Is Not Effective Because the Funds in Question Already Had Been Transferred to David Houston's Client Trust Account**

The June 2011 assignment submitted by Francis as part of his declaration states that Pepe Bus assigns to GGW Global Brands "all right, title and interest of Pepe Bus in and to funds on deposit in the Boulevard Management Client Trust Account." Boulevard Management's records confirm the funds were transferred to the Houston Account on May 12, 2011, one month before this supposed assignment.[51] These funds were transferred with Francis' instruction.[52] Francis knew very well there were no funds with Boulevard Management by June 2011, rendering this supposed assignment highly questionable and suspect.

6.     **GGW Global Brands' Position Conflicts With Its Dissolution Report to the Delaware Tax Authorities**

GGW Global Brands dissolved on May 8, 2012.[53] At the time of its dissolution, it reported "zero" assets in its report to the Delaware tax authorities.[54] GGW Global Brands cannot now claim it had a secret asset – the right to the money held by Boulevard Management.

7.     **Francis' "Declaration" Is Inadmissible Under the Federal Rules of Evidence**

A review of the "Declaration" of Francis reveals that it is, in fact, not a declaration at all as it is wholly unsworn. Federal Rule of Evidence 603 requires that a witness, before testifying, must give an oath or affirmation to testify truthfully, and such oath or affirmation must be in a form designed to impress that duty on the witness's conscience.

Absent any oath or affirmation, the "Declaration" of Francis is nothing more than hearsay; i.e., a statement not made while testifying and offered to prove the truth of the matter asserted in the statement. Federal Rule of Evidence 801(c).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[51] AA, vol. VI, at 1118 (Boulevard May 2011 Account Statement).

[52] AA, vol. VI, at 1122 (Francis May 2011 email to Boulevard).

[53] AA, vol. VI, at 1141 (Global Brands Certificate of Dissolution).

[54] AA, vol. VI, at 1143-44 (Global Brands Certificate of Dissolution).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Hence, the entirety of the "Declaration" of Francis is not testimony and is inadmissible for any purpose.

Moreover, the "Declaration" lacks foundation to support its admissibility.  In his "Declaration," Francis states that he was a Manager and Member of PEPE BUS, LLC, that he asked the chief financial officer of that entity to "pull from the accounting business records of PEPE BUS, LLC a list of historical transfers of funds of PEPE BUS, LLC to Boulevard Management" and that the chief financial officer, who also served in that position for GGW Direct, LLC, "compiled a report of all transfers made to Boulevard Management from PEPE BUS, LLC bank accounts and GGW Direct bank accounts," resulting in a report which is attached as Exhibit A to the "Declaration."  Francis further states that, "the report shows $1,750,000 of PEPE BUS, LLC funds were transferred to Boulevard Management (which funds were subsequently transferred into a client trust account held by David Houston.)"

First, there is no foundation presented that Francis had or has personal knowledge of the "accounting business records" of PEPE BUS, LLC or GGW Direct.  It is axiomatic that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Federal Rule of Evidence 602.

Further, there is no evidence presented in the "Declaration" that the "accounting business records" of PEPE BUS, LLC or GGW Direct, constitute records of a regularly conducted activity such that they would be excepted from the hearsay rule under Federal Rule of Evidence 803(6)(A) through (E).  The report itself attached as Exhibit A to the "Declaration" is, itself, not a record of regularly conducted activity excepted from the hearsay rule, and there are no "equivalent circumstantial guarantees of trustworthiness" presented to permit Exhibit A to fall under the residual exception to the hearsay rule contained in Federal Rule of Evidence 807.

Finally, Exhibit A to the "Declaration" cannot constitute a summary to prove content under Federal Rule of Evidence 1006 because (a) there is no showing that the underlying writings constitute records of regularly conducted activity, and (b) such records have not been made available for examination at all, let alone at a reasonable time and place as required under that Rule.

25

Hence, at best, Mr. Francis only has shown that he has personal knowledge of requesting a report containing a list of certain selected transfers from unauthenticated "business accounting records," and that Exhibit A to his "Declaration" is the report he received pursuant to that request. However, even if the summary contained in Exhibit A is based upon records of regularly conducted activity which might, in other circumstances be admissible, the information contained therein proves nothing other than that PEPE BUS, LLC and GGW Direct transferred certain funds to Boulevard Management.  The list of selected transactions which make up Exhibit A do not include transfers from any other persons or entities to Boulevard Management, nor withdrawals from that account, nor that the funds at issue transferred to the client trust account constitute funds of either PEPE BUS, LLC or GGW Direct.  There are simply no admissible facts supporting Francis' conclusion as to the source of those funds.

### 8.   Francis Is Estopped From Claiming That GGW Global Brands Has an Interest in the Trust Funds

Pursuant to a stipulation and order, which was entered in the Alter Ego Litigation, Francis stipulated that "David R. Houston, Ltd. is in possession of the sum of $1,846,578.28 *received from GGW Direct, LLC*...."[55] Accordingly, he is estopped from arguing any differently today through a new corporate entity or submitting evidence to the contrary.

### D.   GGW Global Brands Is Not A Proper Party to the Alter Ego Litigation

GGW Global Brands is not a named Defendant in the Alter Ego Litigation.  Moreover, even if GGW Global Brands had an interest in the Trust Funds as a successor to Pepe Bus, that does not make GGW Global Brands a corporate successor to litigation.  In order to assert its rights in the Nevada Bankruptcy Court, GGW Global Brands would have had to file a motion to intervene.  Fed. R. Bankr. Pro. 7024(a).  It did not do so.

F.R.B.P. 7024(a) places the burden on the party seeking to intervene to establish its right to do so, and does not require the named parties in the litigation to police unwarranted intervention. Moreover, on September 10, 2013, more than one month before GGW Global Brands filed its Opposition, Wynn Las Vegas in fact moved to strike GGW Global Brands' Answer, Counterclaim,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[55]  AA, vol. VI, at 1146-58.

26

and Crossclaim in the Alter Ego Litigation on the grounds that GGW Global Brands was not a party to the action.[56]  Wynn Las Vegas' motion to dismiss this appeal is based, in part, on the same grounds.

### E.      The Alter Ego Complaint and Notice of Removal Have Been Properly Served

Throughout these proceedings, GGW Global Brands has repeatedly misrepresented the status of the service of pleadings in the Alter Ego Litigation.  They do so again in their opening brief.

Wynn Las Vegas has no obligation to serve the complaint on Pepe Bus.  On March 12, 2012, Articles of Termination, not articles of dissolution, were filed for Pepe Bus.[57]  As a result, the controlling statute is Montana Code § 35-8-906, not § 35-8-903(2), as stated by GGW Global Brands.  Montana Code § 35-8-906(2) states that "[t]he existence of a limited liability company is terminated upon the filing of the articles of termination or upon a later effective date, if specified in the articles of termination."  There is no wind-up after termination; the termination is filed after wind up is complete.  *See* § 35-8-906(1) ("At any time after dissolution and winding up, a limited liability company may terminate its existence by filing with the secretary of state").

Pepe Bus' Articles of Termination state that the effective date of the termination of Pepe Bus was March 5, 2012, and the termination resulted because the "LLC has been dissolved."[58]  Thus, Pepe Bus was no longer in existence when Wynn Las Vegas commenced the Alter Ego Litigation.

Moreover, the fact that the GGW Entities did not serve the Notice of Removal on the other defendants is the fault of Francis, since all of the other defendants, with the exception of Houston, are controlled by Francis, and he has been served with all of the pleadings.  In particular, Francis himself has testified that he has been the President of GGW Global Brands since 2006.[59]

---

[56]  AE, at 14.

[57]  AA, vol. VI, at 1129.

[58]  *Id.*

[59]  AE, at 47.

27

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# IV.

## <u>CONCLUSION</u>

Based on the foregoing, Wynn Las Vegas requests that the Court enter an Order (a) affirming the rulings of the Nevada Bankruptcy Court, and (b) granting Wynn Las Vegas such further relief as is just and proper.

Dated: October 30, 2013                    PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Malhar S. Pagay*
       Malhar S. Pagay

and

Dated: October 30, 2013                    BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:    */s/ Mitchell J. Langberg*
       Mitchell J. Langberg

Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

DOCS_LA:272515.4 93837/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this matter.  My business address is:

**10100 Santa Monica Blvd., Ste. 1300, Los Angeles, CA  90067**

A true and correct copy of the foregoing documents entitled **BRIEF OF APPELLEE WYNN LAS VEGAS, LLC D/B/A WYNN LAS VEGAS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On **October 30, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 30, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 30, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Andrew P. Gordon
United States District Court – District of Nevada
333 S. Las Vegas Boulevard
Las Vegas, NV 89101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2013 | Janice G Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

29

1.   **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Joanna M Myers jmyers@bhfs.com
Kenneth E Lyon , III ken@lyonlaw.net
Laura Bielinski lbielinski@bhfs.com, eparcells@bhfs.com, MEldridge@bhfs.com
Malhar S. Pagay mpagay@pszjlaw.com
Matthew Heyn mheyn@ktbslaw.com
Mitchell J. Langberg mlangberg@bhfs.com, dcrudup@bhfs.com

## 2.  SERVED BY U.S. MAIL

U.S. Trustee, Las Vegas
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101-5803

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1