Malhar S. Pagay, Esq. (CA Bar No. 189289) (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
mpagay@pszjlaw.com
Telephone:    (310) 277-6910
Facsimile:    (310) 201-0760

and

Mitchell J. Langberg, Esq., Nev. Bar No. 10118
Laura F. Bielinski, Esq., Nevada Bar No. 10516
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone:  (702) 382-2101
Facsimile (702) 383-8135

Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON,<br><br>                   Defendants. | Case No.: 2:13-cv-01586-APG-(NJK)<br><br>NV Adversary Case No.: 13-01050-MMN<br>Chapter 11<br><br>**MOTION OF WYNN LAS VEGAS, LLC D/B/A WYNN LAS VEGAS FOR AWARDS OF DAMAGES AND COSTS AGAINST GGW GLOBAL BRANDS, INC., ANDRE M. LAGOMARSINO, PARKER SHEER & LAGOMARSINO, KENNETH E. LYON, III & LAW OFFICES OF KENNETH E. LYON, III FOR FILING A FRIVOLOUS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Separate Request for Judicial Notice filed concurrently herewith]** |

DOCS_LA:272760.5 93837/001

Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") hereby moves (the "Motion"), pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure for awards of damages and costs against appellant GGW Global Brands, Inc. ("GGW Global Brands"), and GGW Global Brands' current and former counsel of record Andre M. Lagomarsino, Parker Sheer & Lagomarsino, Kenneth E. Lyon, III, and Law Offices of Kenneth E. Lyon, III, for filing and continuing to prosecute a frivolous appeal.

This Motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, and the Request for Judicial Notice filed separately.

Pursuant to Rule 7-2(b) of the Local Rules of Practice for the United States District Court for the District of Nevada, unless otherwise ordered by the Court, any points and authorities in response to the Motion shall be filed and served by the opposing party no later than fourteen (14) days after service of the Motion.

Dated: November 8, 2013          PACHULSKI STANG ZIEHL & JONES LLP

By:     */s/ Malhar S. Pagay*
         Malhar S. Pagay

         And

Dated: November 8, 2013          BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:     */s/ Mitchell J. Langberg*
         Mitchell J. Langberg

         Attorneys for Wynn Las Vegas, LLC, d/b/a
         Wynn Las Vegas

DOCS_LA:272760.5 93837/001

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## <u>Introduction</u>

GGW Global Brands – an entity controlled by "Girls Gone Wild" founder Joseph Francis – is a litigant in five bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California (the "<u>California Bankruptcy Court</u>") and the appellant before this Court.  Four of the debtors in those cases (GGW Brands; GGW Direct; GGW Events; and GGW Magazine) also were controlled by Francis prior to his displacement by the California Bankruptcy Court's appointment of R. Todd Neilson as chapter 11 trustee (the "<u>Trustee</u>").[1]

In July 2013, the Trustee, on behalf of all the debtors, and Wynn Las Vegas, entered into a global settlement agreement (the "<u>Settlement Agreement</u>") which addressed various matters, including the allowance of Wynn Las Vegas's claims in agreed-upon amounts in the debtors' cases, the remand of litigation (the "<u>Alter Ego Litigation</u>") from the United States Bankruptcy Court for the District of Nevada (the "<u>Nevada Bankruptcy Court</u>") back to Nevada state court and the distribution of certain funds held by court order in the Alter Ego Litigation (the "<u>Trust Funds</u>").  Attached to the Settlement Agreement as Exhibits 9 and 11 were a Stipulation and Order (collectively, the "<u>Stipulation</u>"), respectively, to be submitted to the Nevada Bankruptcy Court to implement the remand of the Alter Ego Litigation and distribution of the Trust Funds pursuant to the Settlement Agreement.  GGW Global Brands filed a written opposition and argued against approval of the Settlement Agreement on the grounds that it claimed an entitlement to the Trust Funds.  The California Bankruptcy Court approved the Settlement Agreement, including the disposition of the Trust Funds, over the objections of GGW Global Brands and two other opposing parties.

GGW Global Brands did not appeal the California Bankruptcy Court's order approving the Settlement Agreement, including the disposition of the Trust Funds pursuant to the Stipulation attached to the Settlement Agreement.[2]  Instead, GGW Global Brands waited until Wynn Las Vegas and the Trustee submitted the Stipulation to the Nevada Bankruptcy Court to implement certain of

---

[1]  The debtor in the fifth case – GGW Marketing – is a debtor in possession controlled by the Trustee.

[2]  That order has now become final and non-appealable.

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the components of the court-approved settlement and opposed the distribution of the Trust Funds, raising the same arguments it raised unsuccessfully before the California Bankruptcy Court.  When the Nevada Bankruptcy Court rejected GGW Global Brands' efforts to oppose a purely administrative Stipulation intended to implement the already-approved settlement, GGW Global Brands, through its counsel, filed the instant appeal.

GGW Global Brands' filing and continued prosecution of the appeal of an order approving an administrative Stipulation – instead of mounting a challenge to the California Bankruptcy Court's substantive order approving the settlement – is frivolous on its face.  Additionally, as described in more detail below, GGW Global Brands raises no good faith arguments for error by the Nevada Bankruptcy Court which issued the order approving the implementing Stipulation which is the subject of the appeal.  Consequently, Wynn Las Vegas is entitled to sanctions payable by GGW Global Brands and its counsel in the amount of damages to be proven by evidence submitted by Wynn Las Vegas upon the Court's order granting this Motion, as well as double the costs expended by Wynn Las Vegas in connection with GGW Global Brands' filing and prosecution of this frivolous appeal.

## II.

## Background

On June 18, 2009, Wynn Las Vegas obtained a judgment against Joseph Francis ("Francis") in the District Court of Clark County, Nevada (the "Clark County Court"), arising from unpaid gambling debts (the "Nevada Marker Judgment").[3]  The court awarded Wynn Las Vegas $2 million plus prejudgment interest of $838,356.00 and postjudgment interest accruing at the rate of $986.30 per day.

### A.      The Alter Ego Litigation

On April 18, 2012, Wynn Las Vegas commenced an action in the Clark County Court against GGW Direct, LLC, GGW Events, LLC, GGW Brands, LLC, Mantra Films, Inc., Blue Horse Trading, LLC, Pepe Bus LLC ("Pepe Bus"), Sands Media, Inc., Francis, David R. Houston, and

---

[3]  *See* Request for Judicial Notice ("RFJN"), Ex. A, at 98-103.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

David R. Houston, Ltd. (referred to herein as the Alter Ego Litigation), in which Wynn Las Vegas alleges, among other things, that:

> . . . . Wynn has been largely unable to collect on its Judgment against Francis because Francis is using the GGW Entities to hide his assets and income.

> . . . . Specifically, Francis uses the GGW Entities' funds to pay his personal expenses in order to prevent Wynn from collecting its Judgment.

> . . . . Francis is the chief financial officer of some or all of the GGW Entities.

> . . . . Francis exercises complete dominion and control over the GGW Entities.

> . . . .  The GGW Entities are influenced and governed by Francis, and Francis acts as the ultimate authority for their business and financial transactions.

> . . . . Francis commingles his personal funds with the funds of the GGW Entities and makes unauthorized diversions of funds from the GGW Entities for his personal use.

> . . . . That is, Francis causes the GGW Entities to pay some or all of his personal expenses from the GGW Entities' accounts.

> . . . . Upon information and belief, the GGW Entities fail to comply with corporate formalities required by law.[4]

**B.     The Trust Funds**

In the Alter Ego Litigation, Wynn Las Vegas asserted an interest in certain funds alleged to be owned by GGW Direct, including $1,846,578.28 held in an IOLTA trust account (referred to herein as the Trust Funds) by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively "Houston").  In order to maintain the status quo and to prevent dissipation of the Trust Funds pending the resolution of the parties' rights therein, the parties entered into the *Stipulation and Proposed Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, filed June 29, 2012 (the "Houston Stipulation"), which stipulation was approved by the Clark County Court pursuant to that certain *Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, dated July 12, 2012,

---

[4]  Complaint, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District Court, Clark County, NV; Case No.:  A-12-660288-B) ¶¶ 19-26 at 3-4.  (RFJN, Ex. A, at 144-15)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and entered July 16, 2012 (the "<u>Houston Order</u>").[5]  The Houston Stipulation provides, "Houston has

no beneficial interest in the Trust Funds or its proceeds.  Houston … will comply with such order or

judgments served upon Houston, whether or not Houston has been dismissed as a party."  *Id.* ¶ 2; *see*

*also* Houston Order ¶ 2.

On August 17, 2012, the court issued a Preliminary Injunction in the Alter Ego Litigation

(the "<u>Alter Ego Injunction</u>") barring the defendants from transferring the Trust Funds because "in the

absence of such relief, one or more of the defendants is likely to transfer GGW Direct's assets out of

the State of Nevada."[6]  The court found that Wynn Las Vegas:

> has a substantial likelihood of success on the merits of its claim for
> declaratory relief related to alter ego. . . and has presented evidence
> that:
>
> (a)     Francis uses GGW Direct, LLC as a shield from liability by
>         commingling his personal funds with those of GGW Direct;
>
> (b)     Francis uses the funds of GGW Direct to pay his personal
>         expenses;
>
> (c)     Francis is abusing the business entity form to frustrate
>         creditors. . . ;
>
> (d)     As the person most knowledgeable of the day to day operations
>         of GGW Direct and the sole signatory on checks issued by
>         GGW Direct, Francis likely controls GGW Direct's operations;
>
> (e)     There is such unity of interest between GGW Direct and
>         Francis such that GGW Direct is the alter ego of Francis; and
>
> (f)     In this instance, to recognize the business entity form would
>         work an injustice on Francis' creditors, including Wynn [Las
>         Vegas][7]

**C.     The California Bankruptcy Cases**

On February 27, 2013, each of GGW Direct, GGW Events, GGW Brands and GGW

Magazine, LLC ("<u>GGW Magazine</u>"), commenced voluntary chapter 11 cases in the California

Bankruptcy Court.  On May 22, 2013, GGW Marketing, LLC ("<u>GGW Marketing</u>" and together with

GGW Direct, GGW Events, GGW Brands and GGW Magazine, the "<u>Debtors</u>"), commenced a

---

[5]  RFJN, Ex. A, at 123-30.

[6]  Preliminary Injunction, *Wynn Las Vegas LLC d/b/a Wynn Las Vegas v. GGW Direct, LLC, et al.* (District
Court, Clark County, NV; Case No.:  A-12-660288-B) ¶ 1 at 1.  (RFJN, Ex. A, at 120)

[7]  *Id.* ¶ 2 at 2-3.  (RFJN, Ex. A, at 120-21)

DOCS_LA:272760.5 93837/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

voluntary chapter 11 case in the California Bankruptcy Court. The Debtors' chapter 11 cases (the "California Bankruptcy Cases") have been administratively consolidated.

On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee in the cases of GGW Direct, GGW Events, GGW Brands, and GGW Magazine (the "Trustee Motion"), which was granted by orders entered on April 11, 2013, in each of the California Bankruptcy Cases, other than the case of GGW Marketing. The California Bankruptcy Court appointed R. Todd Neilson as the Trustee for each of the Debtors other than GGW Marketing. In the California Bankruptcy Cases, Wynn Las Vegas asserts various claims against the Debtors (the "Wynn Claims").

On March 26, 2013, the Debtors removed the Alter Ego Litigation to the Nevada Bankruptcy Court.

On April 1, 2013, the Debtors filed a motion to transfer venue of the Alter Ego Litigation (as amended, the "Venue Transfer Motion") from the Nevada Bankruptcy Court to the California Bankruptcy Court.

On April 10, 2013, Wynn Las Vegas filed its motion to remand the Alter Ego Litigation back to the Nevada State Court (the "Remand Motion").

A hearing to consider both the Venue Transfer Motion and the Remand Motion was scheduled to take place in the Nevada Bankruptcy Court on May 8, 2013. Pursuant to a stipulation executed by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by the Nevada Bankruptcy Court on April 30, 2013, that hearing was continued to July 11, 2013, and then continued again to September 26, 2013.

**D.      The Settlement Agreement**

The Parties negotiated a consensual resolution of their disputes regarding the Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn Claims and the Trust Funds, on the terms and conditions of the Settlement Agreement, dated as of July 10, 2013. On July 15, 2013, the Trustee filed a motion (the "Settlement Motion") with the California Bankruptcy Court seeking approval of the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Bankruptcy Procedure (the "Bankruptcy Rules").[8]  A copy of the Settlement Agreement is attached

2   as Exhibit A to the Settlement Motion.[9]

3          The Settlement Agreement resolved the Parties' disputes by allowing Wynn Las Vegas'

4   Claims in the California Bankruptcy Cases in settled amounts, and subordinating them to certain

5   other estate obligations, and providing for the following resolution with respect to the Trust Funds,

6   the Venue Transfer Motion and the Remand Motion:

> a.  Houston shall immediately pay the Trustee $800,000 of the Trust Funds.  Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas.  The payment of the balance of the Trust Funds to Wynn Las Vegas shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.
>
> b.  Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, Wynn Las Vegas shall dismiss, without prejudice, Defendants GGW Brands, GGW Direct, and GGW Events from the Alter Ego Litigation, which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California Bankruptcy Cases or its claims against the other defendants in the Alter Ego Litigation.
>
> c.  Wynn Las Vegas will not attempt to add any of the Debtors as parties in the Alter Ego Litigation unless the California Bankruptcy Cases are dismissed.
>
> d.  Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands and GGW Magazine, withdraws the Venue Transfer Motions.
>
> e.  Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands, and GGW Magazine, consents to the relief sought in the Remand Motion.  Counsel for Wynn Las Vegas shall prepare and lodge an order granting the Remand Motion when payment is made to the Trustee and Wynn Las Vegas.
>
> f.  The hearings on the Remand Motion and the Venue Transfer Motions, scheduled to take place in the Nevada Bankruptcy Court on September 26, 2013, should be taken off calendar and adjourned.  All deadlines for opposition and reply papers associated therewith should be cancelled.

23          The Settlement Agreement was to be implemented through the entry of a ministerial order of

24   the Nevada Bankruptcy Court approving a stipulation directing the disposition of the Trust Funds, as

25   well as of the Remand Motion and Venue Transfer Motions, as set forth in the Settlement

26   Agreement (referred to as the Stipulation).  *See* Settlement Agreement, ¶ 4.G.  **The forms of**

---

[8]  RFJN, Ex. A, at 24-642.

[9]  RFJN, Ex. A, at 81, *et seq.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

**Stipulation and *Order Approving Stipulation Regarding Resolution of Removed Action*, to be entered by the Nevada Bankruptcy Court to implement the Settlement Agreement were filed with and approved by the California Bankruptcy Court as attachments to the Settlement Agreement.**[10]

**E.      GGW Global Brands' Efforts to Oppose Approval of the Settlement Agreement in the California Bankruptcy Court**

GGW Global Brands filed a written opposition to the Settlement Motion in the California Bankruptcy Court[11] and appeared at the August 7, 2013, hearing regarding approval of the Settlement Agreement through its counsel, as did two creditors.  GGW Global Brands contended that the Settlement Agreement should not be approved on the grounds that GGW Global Brands had an interest in the Trust Funds as assignee of another one of Francis' entities, Pepe Bus, and did not consent to the distribution of the Trust Funds pursuant to the Settlement Agreement.

The Settlement Agreement was approved by the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013.[12]  **GGW Global Brands did not appeal the order approving the Settlement Agreement**.[13]

**F.      Proceedings Before the Nevada Bankruptcy Court**

As contemplated in the Settlement Agreement, in order to implement the court-approved settlement, on July 31, 2013, Wynn Las Vegas filed in the Nevada Bankruptcy Court that certain *Notice of Motion and Motion for Order Approving Stipulation Regarding Resolution of Removed Action; Memorandum of Points and Authorities in Support Thereof* [Docket No. 23] (the "Motion to Approve Stipulation"),[14] seeking an administrative order from that court to approve certain actions to be taken pursuant to the Stipulation.  As noted above, the Stipulation implemented certain conditions

---

[10]   RFJN, Ex. A, at 149-53 & 167-72.

[11]   RFJN, Ex. A, at 842-71.

[12]   RFJN, Ex. A, at 826-41.

[13]   Creditor Tamara Favazza filed a motion for leave to appeal the California Bankruptcy Court's order approving the Settlement Agreement.  However, as noted above, Favazza's motion was denied by the United States District Court for the Central District of California in an order entered on August 27, 2013.

[14]   RFJN, Ex. A, at 2, *et seq*.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of the Settlement Agreement approved by the California Bankruptcy Court by disposing of the Trust Funds and remanding the Alter Ego Litigation back to state court.

Despite the fact that the sole purpose of the Motion to Approve the Stipulation was to obtain an administrative order from the Nevada Bankruptcy Court in order to implement the California Bankruptcy Court's prior substantive rulings – rulings GGW Global Brands chose not to challenge on appeal, on August 14, 2013, GGW Global Brands filed the *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action*,[15] alleging, exactly as it did before Judge Klein, that the Trust Funds belong to GGW Global Brands and opposing the proposed disposition of the Trust Funds in accordance with the Stipulation and the Settlement Agreement.

On August 21, 2013, Wynn Las Vegas filed the *Reply Re: Motion for Order Approving Stipulation Regarding Resolution of Removed Action*, supporting *Declaration of Malhar Pagay*; and *Request for Judicial Notice* (collectively, the "Reply"), contending, among other things, that GGW Global Brands' opposition was an impermissible collateral attack on the California Bankruptcy Court's order approving the Settlement Agreement.[16]

On August 23, 2013, in response to the Reply, GGW Global Brands filed a sur-reply, styled as a "Supplemental Opposition" (the "Unauthorized Sur-Reply").  However, GGW Global Brands did not receive authorization from the Nevada Bankruptcy Court to file the Unauthorized Sur-Reply in response to Wynn Las Vegas's Reply, and the Unauthorized Sur-Reply was rife with misstatements of fact.  Wynn Las Vegas filed an objection and motion to strike the Sur-Reply, and addressed a number of factual misstatements made by GGW Global Brands therein, on August 27, 2013.[17]  At the hearing conducted on August 28, 2013, the Nevada Bankruptcy Court sustained Wynn Las Vegas's objections and granted its motion to strike the Sur-Reply.

---

[15]  RFJN, Ex. C.

[16]  RFJN, Exs. D-F.

[17]  RFJN, Ex. I-K.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 The Nevada Bankruptcy Court also granted the Motion to Approve the Stipulation at the

2 August 28th hearing and by a written order entered August 29, 2013 (the "Nevada Bankruptcy Court

3 Order").[18]

4 **G.    The Instant Appeal**

5 On September 3, 2013, attorney Andre Lagomarsino ("Lagomarsino") of the law firm Parker,

6 Sheer, & Lagomarsino ("PSL"), filed a notice of appeal of the Nevada Bankruptcy Court Order on

7 behalf of GGW Global Brands.  On October 3, 2013, Lagomarsino filed an emergency motion to

8 withdraw as counsel to GGW Global Brands, which motion was granted by this Court's order

9 entered on October 4, 2013.[19]

10 On October 1, 2013, Wynn Las Vegas filed with this Court its *Motion to Dismiss Appeal;*

11 *Memorandum of Points and Authorities in Support Thereof* and supporting pleadings [Docket Nos.

12 29, 30 & 31] (the "Motion to Dismiss Appeal"),[20] pursuant to which Wynn Las Vegas seeks to

13 dismiss this appeal on the grounds that (1) the appeal is of an interlocutory order for which there are

14 no grounds for leave to appeal; (2) the appeal constitutes a further collateral attack upon the prior

15 rulings of the Bankruptcy Court for the Central District of California; (3) due to events that have

16 occurred since the order on appeal was entered, the appeal has become moot; and (4) GGW Global

17 Brands is not a named Defendant in the underlying litigation and has not sought or been granted

18 permission to intervene therein, and thus is not a proper party to this appeal.  The Court has not yet

19 issued a ruling on the Motion to Dismiss Appeal.

20 On October 16, 2013, attorney Kenneth E. Lyon, III of the Law Offices of Kenneth E. Lyon,

21 III, filed GGW Global Brands' appellant opening brief.[21]  On October 18, 2013, Lyon filed a

22 response to the Motion to Dismiss Appeal on behalf of GGW Global Brands.

23 In its opening brief and opposition to the Motion to Dismiss Appeal, GGW Global Brands

24 contends that the Nevada Bankruptcy Court Order should be reversed because the Nevada

25

26 [18] RFJN, Ex. L.

27 [19] Docket Nos. 34 & 35.

[20] Docket Nos. 29, 30 & 31.

28 [21] Docket No. 39.

11

DOCS_LA:272760.5 93837/001

Bankruptcy Court should not have approved the Stipulation until after a trial was conducted by the

Nevada Bankruptcy Court on the issue of GGW Global Brands' purported ownership of the Trust

Funds.

## II.

### This Appeal Is Frivolous, and Sanctions Should Be Awarded

Rule 8020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides

as follows, in pertinent part:

> If a district court or bankruptcy appellate panel determines that an appeal
> from an order, judgment, or decree of a bankruptcy judge is frivolous, it
> may, after a separately filed motion or notice from the district court or
> bankruptcy appellate panel and reasonable opportunity to respond, award
> just damages and single or double costs to the appellee.

The standards for determining whether Bankruptcy Rule 8020 sanctions are warranted are

not set forth in the Bankruptcy Rules.  However, the Advisory Committee Note to Bankruptcy Rule

8020 states as follows:

> This rule is added to clarify that a district court hearing an appeal, or a
> bankruptcy appellate panel, has the authority to award damages and costs
> to an appellee if it finds that the appeal is frivolous.  By conforming to the
> language of Rule 38 F.R.App.P., **this rule recognizes that the authority
> to award damages and costs in connection with frivolous appeals is
> the same for district courts sitting as appellate courts, bankruptcy
> appellate panels, and courts of appeals**.

(Emphasis added.)  Accordingly, courts hold that, when considering motions for sanctions under

Bankruptcy Rule 8020, courts may look to cases under Rule 38(c) of the Federal Rules of Appellate

Procedure ("FRAP") for guidance.  *Marino v. Classic Auto Refinishing Inc. (In re Marino)*, 234 B.R.

767, 770 (B.A.P. 9th Cir. 1999).[22]

Determining whether to award sanctions for a frivolous appeal is a two-step process.  First,

the court must determine whether the appeal is frivolous.  Second, if the appeal is deemed to be

frivolous, then the court determines whether sanctions are warranted.  *George v. City of Morro Bay

(In re George)*, 322 F.3d 586, 586 (9th Cir. 2003), *United States v. Nelson (In re Becraft)*, 885 F.2d

547, 550 (9th Cir. 1989).

---

[22]  FRAP 38(c) provides that "[i]f a court of appeals determines than an appeal is frivolous, it may, after a
separately filed motion or notice from the court and reasonable opportunity to respond, award just damages
and single or double costs to the appellee."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

A.      **The Appeal Is Frivolous**

An appeal is "frivolous" if either:  (1) the results are obvious; or (2) the arguments of error are wholly without merit.  *In re George*, 322 F.3d at 586 (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)).  This appeal clearly is frivolous under the applicable standards.

1.      **The Appeal is of a Merely Ministerial Order Implementing the California Bankruptcy Court's Prior Final Rulings**

The basis for this appeal – that a trial should have been conducted by the Nevada Bankruptcy Court on the issue of GGW Global Brands' purported ownership of the Trust Funds –clearly and obviously lacks merit.  The Nevada Bankruptcy Court Order is a non-substantive, administrative order which merely implements certain aspects of the Settlement, which GGW Global Brands opposed in the California Bankruptcy Court, argued on the merits, lost and chose **not** to appeal.  As discussed above, the record establishes that GGW Global Brands raised its due process argument in the California Bankruptcy Court, and that the California Bankruptcy Court adjudicated the issue of GGW Global Brands' interest anyway.  Only after the California Bankruptcy Court conducted a hearing and issued an adverse ruling, rather than appeal on either procedural or substantive grounds, GGW Global Brands attempted to attack the California Bankruptcy Court's ruling in the Nevada Bankruptcy Court at a ministerial hearing that was held for the sole purpose of implementing the California Bankruptcy Court's prior substantive rulings through the court-approved Stipulation.

2.      **GGW Global Brands Has No Good Faith Argument on Appeal**

GGW Global Brands' argument that it is entitled to a trial is identical to the argument that already was adjudicated by the California Bankruptcy Court and thus GGW Global Brands is barred by collateral estoppel from re-litigating that issue.

A "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ."  *Montana v. United States*, 440 U.S. 147, 153 (1979).  Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.  *Montana*, 440 U.S. at 153.

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    As the issue of GGW Global Brands' asserted interest in the Trust Funds actually was

2 litigated and decided by the California Bankruptcy Court upon a full and fair opportunity for GGW

3 Global Brands to litigate, collateral estoppel applies. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir.

4 2012).  For collateral estoppel to apply, four factors must be present:  (a) the issue at stake is

5 identical to the issue in the previous proceeding; (b) the issue was actually litigated and decided in

6 the prior proceeding; (c) there was a full and fair opportunity to litigate the issue; and (d) the issue

7 was necessary to decide on the merits.  *Id.* at 806.  A bankruptcy court's judgment on the merits is

8 entitled to preclusive effect as to the claims and issues decided therein.  *Travelers Indemnity Co. v.*

9 *Bailey*, 557 U.S. 137 (2009).  Moreover, a bankruptcy court's order approving a settlement is

10 entitled to preclusive effect as to those issues that were decided.  *In re Glenn*, 160 B.R. 837, 838

11 (Bankr. S.D. Cal. 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).

12    In its opposition to the Settlement Agreement filed in the California Bankruptcy Court, GGW

13 Global Brands argued:

14         The $1.1 million that the Settlement Agreement agrees to give to Wynn
           actually belonged to Pepe Bus, LLC.  Pepe Bus, LLC assigned the right to
15         such monies to GGW Global Brands, Inc., and GGW Global Brands, Inc.
           will be making an appearance in the Nevada alter ego litigation asserting
16         its claims before the hearing on the proposed Settlement.  This precludes
           this court from approving the Settlement since the property of parties other
17         than those who will be signatories to the Settlement Agreement are being
           dealt with by the proposed Settlement.[23]
18

19    The California Bankruptcy Court discussed GGW Global Brands' contentions in its ruling:

20         … GGW Global [Brands] contends that the Trustee and Wynn LV
           cannot split the Trust Fund because they are not the only parties
21         involved in the litigation over those funds.  According to GGW
           Global, the approximately $1 million dollars in the Trust Fund that the
22         Settlement Agreement allocates to Wynn LV actually belongs to Pepe
           Bus, LLC, which is a party to the Alter Ego Litigation and purportedly
23         assigned the rights to such monies to GGW Global.  **The Court notes
           that GGW Global did not submit any admissible evidence**
24         **substantiating this allegation.**[24]

25

26

[23] RFJN, Ex. F, at 859.

27
[24] *Court's Tentative Ruling on the Trustee's Motion for Approval of Settlement with Wynn Las Vegas, LLC
28 and Stephen Wynn Which Was Adopted as the Court's Final Ruling at the Hearing* at 7 (citations omitted;
emphasis added).  (RFJN, Ex. F, at 981)

14

To the contrary, the California Bankruptcy Court reviewed, considered and found "persuasive" evidence presented by Wynn Las Vegas regarding the ownership of the Trust Funds:

> Wynn LV presents persuasive evidence demonstrating that all of the money in the Trust Fund belonged to Francis – as opposed to the Debtors. For example, the money in the Trust Fund was transferred from Boulevard, which managed Francis's personal finances. Wynn LV acknowledges that GGW Direct LLC transferred approximately $710,000 to Boulevard. Wynn LV offers deposition testimony to demonstrate that the GGW Entities paid Francis a salary during the first half of 2011, and as a result the funds transferred from GGW Direct, LLC to Boulevard were distributions from the GGW Entities to Francis and most likely not fraudulent transfers. This testimony and documentary evidence tends to show that the $710,000 originating from GGW Direct, LLC was a legitimate payment to Francis from one of the Debtors for services provided by Francis. Therefore, any claim that the Debtors have to that money would be tenuous.[25]

Accordingly, the issue of GGW Global Brands' alleged interest in the Trust Funds actually was litigated in the California Bankruptcy Court. The California Bankruptcy Court's determination of the absence of rights of GGW Global Brands in the Trust Funds was a necessary predicate to the approval of the Settlement Agreement. The division and disposition of the Trust Funds between the Trustee and Wynn Las Vegas is a material and integral provision of the Settlement Agreement and, as set forth above, was considered specifically by the California Bankruptcy Court in its ruling. GGW Global Brands had a fair opportunity to present its arguments to the California Bankruptcy Court. There is no indication that controlling facts or legal principles have changed significantly since the California Bankruptcy Court's decision, which GGW Global Brands chose not to challenge on appeal. There also is no indication any special circumstances warrant an exception to the normal rules of preclusion.

The Settlement Agreement was approved by the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013. **GGW Global Brands did not appeal the order approving the Settlement Agreement**.[26]

---

[25] *Id.* at 22 (citations omitted). (RFJN, Ex. F, at 996)

[26] An alleged creditor, Tamara Favazza, filed a motion for leave to appeal the California Bankruptcy Court's order approving the Settlement Agreement. However, Favazza's motion was denied by the District Court for the District of California in an order entered on August 27, 2013.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3.      **The Only Authority Cited by GGW Global Brands Is an Unpublished Case That Is Wholly Inapposite**

The sole authority upon which GGW Global Brands relies on this appeal, and which GGW Global Brands claims to be controlling on the issue of its right to a trial in Nevada Bankruptcy Court, is an unpublished decision of the Bankruptcy Appellate Panel (BAP), *Western Capital Partners, LLC v. Blixseth (In re Blixseth)*, 2012 WL 3234205 (B.A.P. 9th Cir. 2012). *Blixseth* does not support GGW Global Brands' position. *Blixseth* involved a **direct** appeal of an order approving aspects of a settlement based on lack of due process. In contrast, here, the issue is whether GGW Global Brands may, after fully participating in the contested matter in the California Bankruptcy Court and, without having appealed the California Bankruptcy Court's adverse rulings, seek a trial in the Nevada Bankruptcy Court.

Moreover, in *Blixseth*, upon direct appeal of the bankruptcy court's adverse ruling, the BAP found that due process was lacking. However, here, the record amply demonstrates that GGW Global Brands had its fair day in court, in the California Bankruptcy Court after a fully noticed motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The lack of procedural clarity that was at issue in *Blixseth* to the appellant's detriment, as observed by the BAP, is not present here.

GGW Global Brands' assertion that the unpublished decision of *Blixseth* controls in this matter misrepresents the meaning and scope of the BAP's decision and warrants the imposition of sanctions.

4.      **GGW Global Brands' Argument Is Based upon a Litany of Factual Misrepresentations**

a.      **Pepe Bus Was No Longer In Existence When the Alter Ego Litigation Was Commenced**

In its "Supplemental Opposition" to the Stipulation filed with the Nevada Bankruptcy Court, GGW Global Brands misstates the difference between the "termination" and the "dissolution" of a limited liability company. On March 12, 2012, Articles of Termination, not articles of dissolution,

16

were filed for Pepe Bus.[27]  As a result, the controlling statute is Montana Code § 35-8-906, not § 35-8-903(2), as stated by the Supplemental Opposition.  Montana Code § 35-8-906(2) states that "[t]he existence of a limited liability company is terminated upon the filing of the articles of termination or upon a later effective date, if specified in the articles of termination."  There is no wind-up after termination; the termination is filed after wind up is complete.  *See* § 35-8-906(1)  ("At any time after dissolution and winding up, a limited liability company may terminate its existence by filing with the secretary of state").

Pepe Bus' Articles of Termination state that the effective date of the termination of Pepe Bus was March 5, 2012, and the termination was because the "LLC has been dissolved."[28]  Thus, Pepe Bus was no longer in existence when Wynn Las Vegas commenced the Alter Ego Litigation.

### b.  Robert Klueger Was Not the Member of Pepe Bus at the Time of Its Termination

Even if Robert Klueger did sign the Articles of Termination supposedly as member, this was most likely a mistake and incorrect representation.  All evidence points to *Francis* being the sole member of Pepe Bus.  The Montana Certificate of Fact identifies Francis as the sole member and manager of Pepe Bus.[29]  A Statement of Change of Registered Agent filed for Pepe Bus in 2008 was signed by Francis as the member of Pepe Bus.[30]  Every annual report filed with the Montana Secretary of State for Pepe Bus from 2008 through 2012 identifies Francis as the member of Pepe Bus.[31]  The last annual report identifying Francis as the member of Pepe Bus was submitted on March 8, 2012, three days after the effective date of termination of March 5, 2012, stated in the Articles of Termination.[32]  The only evidence that Klueger was a member is his signature on the Articles of Termination.

---

[27]  RFJN, Ex. K, at 1094 (Pepe Bus Articles of Termination).

[28]  *Id.*

[29]  RFJN, Ex. K, at 1096 (Montana Certificate of Fact).

[30]  RFJN, Ex. K, at 1098 (Statement of Change of Registered Agent).

[31]  RFJN, Ex. K, at 1100-04 (Pepe Bus Annual Reports).

[32]  *Id.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Klueger most likely signed the Articles of Termination as part of his efforts representing Francis in 2012, not as the member of Pepe Bus.  When discussing his representation of Francis, Klueger, at his August 2012 deposition, stated that "part of my duties was to, you know, clean up and – and liquidate, you know, some – some entities that were, you know, long since defunct, as far as I know.  Some entity called Pepe Bus, and there were some others."  Klueger also confirmed that he did this "clean up" in 2012 and that Pepe Bus was defunct at the time.[33]

### c.   Francis' Past Testimony Regarding Pepe Bus Is Contradictory

The Francis Declaration directly contradicts Francis' past testimony about Pepe Bus and lacks credibility.  In his new declaration, Francis claims he was manager and member of Pepe Bus until Klueger became manager in March 2012.  However, at a debtor's examination taken on July 12, 2013, three months ago, Francis was asked about Pepe Bus and responded as follows:

Q:  Do you know anything about the owners, members, managers of Pepe Bus?

A:  Nope.[34]

In June 2012, three months after Pepe Bus was terminated, at his deposition taken in connection with the Alter Ego Litigation, Francis testified as follows:

Q:  Now what is Pepe Bus.

A:  It's just the name of an account for Mantra Films.

Q:  What is Pepe Bus, LLC?

A:  I don't know.[35]

When Francis was pressed on the topic, he answered as follows:

Q:  So you think that Pepe Bus, LLC and Mantra Films, Inc. was just one and the same?

A:  No, not one and the same. I believe – this is just my understanding. I believe Mantra owned Pepe. [36]

---

[33]  Transcript of Deposition of Robert Klueger dated August 28, 2012, 42:34-43:16.  (RFJN, Ex. K, at 1051:34-1052:16)

[34]  Transcript of Judgment Debtor Exam of Joseph Francis dated July 12, 2013, 12:17-19.  (RFJN, Ex. K, at 1058:17-19)

[35]  Transcript of Joseph Francis Deposition dated June 19, 2012 ("Francis June 2012 Depo"), 83:11-15). (RFJN, Ex. K, at 1065:11-15)

[36]  Francis June 2012 Depo, 85:3-7.  (RFJN, Ex. K, at 1067:3-7)

18

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

However, in August 2011, at a debtor's examination taken in California two months after supposedly assigning any interest in the Trust Funds to GGW Global Brands, Francis testified as follows about Pepe Bus:

Q.  Are you familiar with Pepe Bus LLC?

A.  Am I familiar? Ever heard the name? Yes.

Q.  Let's start there.

A.  Yes.

Q.  Are you an officer of that LLC?

A.  I have no idea.

Q.  Do you know what they do?

A.  Not really.  I know it's one of the entities that is in the business, but I'm not sure of the structure or what exactly it does or holds or whatever.[37]

Simply put, Francis' testimony and evidence regarding Pepe Bus is not reliable.

### d.      Boulevard Management Documents Reflect that $295,000, Not $1.75 Million, Came From Pepe Bus

In addition to all the evidence submitted in previous briefs identifying the Trust Funds as belonging to Francis alone, including a letter specifically stating that Boulevard Management would not be representing any of Francis' entities,[38] Boulevard Management produced to Wynn Las Vegas a schedule of deposits for Francis' account.  The schedule of deposits identifies three deposits, those made on January 26, 2010, January 28, 2010, and January 29, 2010, as deposits belonging to Pepe Bus, totaling $295,000.[39]  Francis' supposed ledger identifies three other deposits, on January 29, 2010, February 3, 2010, and February 24, 2010, totaling $1.55 million, as belonging to Pepe Bus. However, Boulevard Management's schedule of deposits identifies these deposits as belonging to Joe Francis personally, not Pepe Bus.  In fact, Boulevard Management produced the actual checks for those three deposits, and all three checks are cashier's checks from Joe Francis personally to

---

[37]  Transcript of Judgment Debtor Examination of Joseph Francis dated August 22, 2011, 44:14-23.  (RFJN, Ex. K, at 1074:14-23)

[38]  RFJN, Ex. K, at 1078 (November 9, 2011 Boulevard Letter to Francis).

[39]  RFJN, Ex. K, at 1080 (Boulevard Schedule of Deposits).

DOCS_LA:272760.5 93837/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Boulevard Management.[40]  Thus, the evidence establishes that Pepe Bus only contributed $295,000,

2   not $1.75 million, of the Trust Funds.

3          e.        **The June 2011 "Assignment" from Pepe Bus to Brands, Inc. Is Not**

4                    **Effective Because the Funds in Question Already Had Been Transferred**

5                    **to David Houston's Client Trust Account**

6          The June 2011 assignment submitted by Francis as part of his declaration states that Pepe

7   Bus assigns to GGW Global Brands "all right, title and interest of Pepe Bus in and to funds on

8   deposit in the Boulevard Management Client Trust Account."  Boulevard Management's records

9   confirm the funds were transferred to the Houston Account on May 12, 2011, one month before this

10  supposed assignment.[41]  These funds were transferred with Francis' instruction.[42]  Francis knew very

11  well there were no funds with Boulevard Management by June 2011, rendering this supposed

12  assignment highly questionable and suspect.

13         f.        **GGW Global Brands' Position Conflicts with Its Dissolution Report to**

14                    **the Delaware Tax Authorities**

15         GGW Global Brands dissolved on May 8, 2012.[43]  At the time of its dissolution, it reported

16  "zero" assets in its report to the Delaware tax authorities.[44]  GGW Global Brands cannot now claim

17  it had a secret asset – the right to the money held by Boulevard Management.

18  **B.    Sanctions Are Warranted**

19         Wynn Las Vegas has incurred substantial attorney's fees and costs defending this frivolous

20  appeal, including in connection with the preparation of its appellate brief, the Motion to Dismiss, and

21  its reply in support of the Motion to Dismiss Appeal.  Wynn Las Vegas is entitled to sanctions

22  payable by GGW Global Brands and its counsel in the amount of damages to be proven by evidence

23  submitted by Wynn Las Vegas upon the Court's order granting this Motion, as well as double the

24  costs expended by Wynn Las Vegas in connection with GGW Global Brands' filing and prosecution

25  ---
    [40]  RFJN, Ex. K, at 1082-84 (Francis' Cashier Checks).

26  [41]  RFJN, Ex. K, at 1086 (Boulevard May 2011 Account Statement).

27  [42]  RFJN, Ex. K, at 1088 (Francis May 2011 email to Boulevard).

    [43]  RFJN, Ex. K, at 1106 (Global Brands Certificate of Dissolution).

28  [44]  RFJN, Ex. K, at 1108-09 (Global Brands Annual Franchise Tax Report).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:272760.5 93837/001

of this frivolous appeal.. *In re George*, 322 F.3d at 586; *Ingle v. Circuit City*, 408 F.3d 592, 595-96 (9th Cir. 2005); *Harrah's Club v. Van Blitter*, 902 F.2d 774, 777 (9th Cir. 1990); *Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 347 (B.A.P. 9th Cir. 1990); *Young v. Beugen (In re Beugen)*, 99 B.R. 961, 967 (B.A.P. 9th Cir. 1989).

## IV.

## Conclusion

Based on the foregoing, Wynn Las Vegas requests that the Court enter an Order (a) awarding sanction in the amount of Wynn Las Vegas' attorney's fees in the amount of damages to be proven by evidence submitted by Wynn Las Vegas upon the Court's order granting this Motion and double costs incurred defending this appeal, and (b) granting Wynn Las Vegas such further relief as is just and proper.

Dated: November 8, 2013          PACHULSKI STANG ZIEHL & JONES LLP

                                 By:    */s/ Malhar S. Pagay*
                                        Malhar S. Pagay

                                        and

Dated: November 8, 2013          BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                 By:    */s/ Mitchell J. Langberg*
                                        Mitchell J. Langberg

                                        Attorneys for Wynn Las Vegas, LLC, d/b/a
                                        Wynn Las Vegas

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this matter.  My business address is:

**10100 Santa Monica Blvd., Ste. 1300, Los Angeles, CA  90067**

A true and correct copy of the foregoing documents entitled **MOTION OF WYNN LAS VEGAS, LLC D/B/A WYNN LAS VEGAS FOR AWARDS OF DAMAGES AND COSTS AGAINST GGW GLOBAL BRANDS, INC., ANDRE M. LAGOMARSINO, PARKER SHEER & LAGOMARSINO, KENNETH E. LYON, III & LAW OFFICES OF KENNETH E. LYON, III FOR FILING A FRIVOLOUS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:
Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On **<u>November 8, 2013</u>**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On **November 8, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **<u>November 8, 2013</u>**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Via Federal Express***
Honorable Andrew P. Gordon
United States District Court – District of Nevada
333 S. Las Vegas Boulevard
Las Vegas, NV 89101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2013 | Janice G Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_LA:272760.5 93837/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Joanna M Myers jmyers@bhfs.com
Kenneth E Lyon , III ken@lyonlaw.net
Laura Bielinski lbielinski@bhfs.com, eparcells@bhfs.com, MEldridge@bhfs.com
Malhar S. Pagay mpagay@pszjlaw.com
Matthew Heyn mheyn@ktbslaw.com
Mitchell J. Langberg mlangberg@bhfs.com, dcrudup@bhfs.com

2. **SERVED BY U.S. MAIL**

U.S. Trustee, Las Vegas
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101-5803

*Former Counsel of GGW Global Brands, Inc.*
Andre M. Lagomarsino
Parker Scheer, LLP
9555 South Eastern Avenue
Suite 210
Las Vegas, NV 89123

DOCS_LA:272760.5 93837/001